■ MARCIA WALSH, Appellant, v. JAMES WALSH, Respondent.— In this action in which plaintiff wife has been granted a judgment of separation, she appeals from so much of an order of the Supreme Court, Nassau County,

dated September 9, 1966, as adjudged, after a hearing upon her post-judgment motion, that she is not entitled to any part of a certain joint savings bank account formerly maintained in the names of both parties, payable to either or the survivor. Order reversed insofar as appealed from, on the law and the facts; in accordance, the first decretal paragraph of the order is struck out; and proceeding remitted to the Special Term for a new hearing on the issue of title to the savings account and for further proceedings not inconsistent with the views set forth herein, with costs to abide the event. Finding of Fact No. 2 and Conclusion of Law No. 2 are reversed. Upon a previous post-judgment motion plaintiff sought sequestration, pursuant to section 243 of the Domestic Relations Law; the order determining that motion denied such relief, but adjudged (1) that plaintiff was entitled to withdraw from the joint savings account one half of the $2,831.08 balance, plus $1,200 as payment of a counsel fee theretofore awarded to her and (2) that the remainder be paid to defendant. Thereupon plaintiff moved to reargue and renew that motion on the ground, *inter alia*, that the court had overlooked her claim that defendant, after the separation, had withdrawn more than his moiety of the account. At the time of the separation the account showed a balance of $8,350.22. She therefore claimed that the reduced balance of $2,831.08 belonged entirely to her. Reargument and renewal were granted and a hearing was ordered to determine certain issues, principally that of the title to the savings account. Before the order granting the hearing was made, the order on the first motion was served and the savings account divided and closed, a stay having been denied plaintiff. After the hearing the court made an order adjudging that plaintiff was not entitled to any part of the account. The appeal is from that order. It is improper in a sequestration proceeding to try to determine an issue of title to property (see *Rosenberg* v. *Rosenberg*, 259 N. Y. 338). However, the court had jurisdiction to try and to determine title to the savings account and to grant an appropriate judgment; and the parties acquiesced in the direction by the court that the issue of title be tried in this proceeding (no appeal was taken from the order directing such trial and the parties proceeded to trial as directed). Accordingly, we should treat the procedure adopted upon the Special Term's suggestion, in its opinion on the reargument, that " the vehicle of sequestration can serve as well as any other to present the issue ", as establishing the law of the case and determine the appeal without regard to the question of procedure (*Matter of Laporte* v. *City of New Rochelle*, 2 A D 2d 710, affd. 2 N Y 2d 921; *Matter of Malloy*, 278 N. Y. 429). After plaintiff completed her case on the hearing, defendant declined to present any proof but he may have been misled by certain observations of the trial court during plaintiff's case. The trial court made a formal finding of fact (No. 2) that the savings account was a joint one but that all the money in the account had been withdrawn pursuant to the order of the court [the order determining the original sequestration motion] " and the agreement of the parties "; and on that finding reached the formal conclusion (No. 2) that " plaintiff is not entitled to any part of the aforesaid joint account which has been entirely paid out." As to bank accounts in the form in question there is a presumption, whatever the source of the deposit, that the parties named as depositor, etc., are joint tenants (Banking Law, § 675, subd. [a]). Each is entitled to a moiety beyond which he may not, without consent, withdraw funds for his own use or purpose (*Matter of Bricker* [*Krimer*] v. *Krimer*, 13 N Y 2d 22; *Russo* v. *Russo*, 17 A D 2d 129). It thus appears that plaintiff's claim to title, not only to the whole balance that remained in the account when the original sequestration motion was made, but also to the excess over defendant's

moiety that he had withdrawn, is a reasonable and proper one, subject only to rebuttal by proof by defendant of a contrary intention on the creation of the account. If the trial had been a full and complete one, it is our opinion that, with a finding that the account had been a joint one, the trial court should have gone on to direct the entry of an appropriate money judgment. However, in view of the circumstances presented in the record, the interests of justice require a new hearing and new determination. Beldock, P. J., Christ, Hopkins, Benjamin and Munder, JJ., concur.