■ GARDINER S. HARDING, Appellant, v NELLIE BUCHELE, Also Known as NEILA BUCHELE, Also Known as NELLY SMITH, Respondent, et al., Defendant.—In an action, *inter alia,* (1) to declare plaintiff to be the sole owner of a certain joint bank account and (2) to recover damages for conversion as against defendant Buchele, in which said defendant interposed a counterclaim for remuneration for her housekeeping services, plaintiff appeals (1) from an order of the Supreme Court, Kings County, dated September 27, 1976, which denied his motion for partial summary judgment and for a protective order and (2) as limited by his brief, from so much of a further order of the same court, dated October 27, 1976, as, upon reargument, adhered to the original determination. Appeal from the order dated September 27, 1976 dismissed as academic, without costs or disbursements. That order was superseded by the order granting reargument. Order dated October 27, 1976 affirmed insofar as appealed from, without costs or disbursements. On his motion for partial summary judgment, plaintiff-appellant contended that even if he does not prove at the trial that he did not intend the bank account he opened jointly in his and defendant-respondent Buchele's names to be a true joint tenancy, but, rather, only one of convenience, and the account is adjudged to joint account, he is nonetheless entitled to a judgment for so much of the money as defendant Buchele has withdrawn from the account as exceeds a moiety (see *Matter of Bricker v Krimer,* 13 NY2d 22, 27; accord *Matter of Kleinberg v Heller,* 45 AD2d 514; *Walsh v Walsh,* 29 AD2d 991). Plaintiff also maintains, correctly, that the counterclaim is not a bar to the grant of summary judgment (see *Omega Precision Hand Tools v Alpers & Assoc.,* 49 AD2d 885). What defeats plaintiff's motion for summary judgment, however, is his failure to submit an affidavit as the person who has knowledge of the facts (see CPLR 3212, subd [b]; *Farragut Gardens No. 5 v Milrot,* 23 AD2d 889). The same obligation rests upon a defendant as well, and we note that defendant Buchele has not submitted her affidavit, but relies upon her attorney's

affidavit. As successive motions for summary judgment are discouraged where the proper affidavit in support of the motion could have been submitted at the outset *(Abramoff v Federal Ins. Co.,* 48 AD2d 676; *Powell v Trans-Auto Systems,* 32 AD2d 650), we do not offer plaintiff an opportunity to renew his motion upon proper papers. Plaintiff's request to have his examination proceed by way of written interrogatories rather than by oral deposition suffers from the same defect. Latham, J. P., Cohalan, Rabin and Hawkins, JJ., concur.