◼ JAMES H. ROSE, JR., Respondent, v ALAIN LA JOUX, Also Known as ALAN LA JOUX, Appellant. — In an action for (1) a declaration that plaintiff was the owner of an easement by prescription over defendant's property, (2) injunctive relief, and (3) damages, defendant appeals from an order and judgment (one paper) of the Supreme Court, Rockland County (Leggett, J.), entered March 9, 1982, which, *inter alia,* declared plaintiff to be the owner of an easement in a 20-foot right of way located on defendant's property. (The order and judgment was entered pursuant to an order of the same court, dated January 27, 1982, which [1] granted plaintiff's motion "to reargue and renew" a prior order of the same court dated October 13, 1981, which, *inter alia,* denied plaintiff's motion insofar as it was for summary judgment and [2] upon reargument, granted plaintiff's motion insofar as it was for summary judgment.) Order and judgment entered March 9, 1982 reversed, without costs or disbursements, order dated January 27, 1982 vacated, and, upon reargument, the order dated

October 13, 1981, which, *inter alia,* denied plaintiff's motion insofar as it was for summary judgment, is adhered to. Although defendant concedes, on appeal, as he did before Special Term, that plaintiff has an easement in a right of way located on defendant's property for the purpose of ingress and egress to the main public highway known as Thiells Road, the affidavits submitted in support of, and in opposition to, plaintiff's initial motion, *inter alia,* for summary judgment present issues of fact, which can only be resolved at trial, as to the precise extent and nature of the prescriptive easement claimed by plaintiff in his complaint, viz., (1) whether the prescriptive easement is limited to the gravel portion of the right of way or extends further to a width of 20 feet and (2) whether and to what extent the prescriptive easement includes the use of commercial vehicular traffic (see, generally, Extent of, and permissible variations in, use of prescriptive easements of way, Ann., 5 ALR3d 439; *American Bank Note Co. v New York El. R. R. Co.,* 129 NY 252). Accordingly, Special Term erred when, upon reargument, it granted plaintiff's motion insofar as it was for summary judgment. It should be noted that plaintiff's motion to reargue his prior motion insofar as it was for summary judgment also included an application to renew based on affidavits of two neighbors. These affidavits were not relied on by Special Term, in its decision. Special Term was correct in this regard since plaintiff violated the rule prohibiting successive motions for summary judgment in the guise of motions to renew where the "new" material could have been submitted with the original motion for summary judgment (see *Abramoff v Federal Ins. Co.,* 48 AD2d 676; *Powell v Trans-Auto Systems,* 32 AD2d 650; *Harding v Buchele,* 59 AD2d 754; *Graney Dev. Corp. v Taksen,* 62 AD2d 1148; *Marine Midland Bank v Fisher,* 85 AD2d 905). In any event, these two affidavits, even if considered, would not alter our determination. Finally, we note that in view of our determination herein, the order of Special Term dated October 13, 1981, which initially denied plaintiff's motion insofar as it was for summary judgment, is still in effect. Accordingly, the parties are directed to comply with the provisions of the preliminary injunction contained therein. Titone, J. P., Mangano, Gibbons and Weinstein, JJ., concur.