■ MICHAEL DETKO et al., Respondents, v MCDONALD'S RESTAURANTS OF NEW YORK, INC., et al., Appellants, and CARLOS NEGRON et al., Respondents. JAMES A. JENNINGS AND COMPANY, Third-Party Defendant. [603 NYS2d 496] —In a negligence action to recover damages for personal injuries, etc., the defendants McDonald's Restaurants of New York, Inc., Golden Arch Realty Corporation, Franchise Realty Interstate Corporation, McDonald's Corporation, and Amsam Foods Corporation, appeal from so much of an order of the Supreme Court, Westchester County (Ruskin, J.), entered July 9, 1991, as denied their motion for summary judgment dismissing the complaint and cross claims insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs payable by the respondents appearing separately and filing separate briefs, the motion is granted, the complaint and cross claims are dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

On August 26, 1979, the plaintiffs were dining inside the McDonald's Restaurant on South Broadway and Vark Street in Yonkers when a car driven by the defendant Carlos Negron hit the wall of the restaurant, causing it to collapse onto the plaintiffs. Negron had been traveling in the wrong direction down Vark Street, a one-way thoroughfare. In order to avoid a collision with an approaching vehicle, Negron turned into the exit ramp of the McDonald's restaurant, collided with three vehicles in the parking lot, and ultimately hit the wall of the restaurant. The plaintiffs' claims against the defendants-appellants (hereinafter the McDonald's defendants) were grounded on two theories of negligence. The first was that the restaurant was negligently designed and constructed. The second was that a "one-way" traffic sign on McDonald's premises was pointing in the wrong direction, indicating that the exit ramp was an entrance.

The complaint was served in November 1980 and discovery apparently proceeded at a snail's pace. In 1985, the McDonald's defendants moved for summary judgment dismissing the

complaint and all cross claims, which motion was denied. A notice of appeal was filed, but the appeal was never perfected. In 1988, the McDonald's defendants submitted a second motion for summary judgment, which was also denied. Finally, in March 1991 the McDonald's defendants made a third motion for summary judgment. This motion was denied based on the doctrine of the law of the case and because there was no newly discovered evidence presented in support of the motion. This appeal ensued, and we now reverse and grant the motion.

We initially note that the Supreme Court acted correctly in denying the third motion for summary judgment, inasmuch as it was compelled to do so by reason of the doctrine of law of the case. However, we are not bound by law of the case and may consider the motion on its merits (see, Hoffman v Landers, 146 AD2d 744; Rock v Capitol Air, 128 AD2d 691). Moreover, we are cognizant of the principle that multiple summary judgment motions in the same action are generally disfavored and should be discouraged in the absence of newly discovered evidence or other sufficient cause (see, Dillon v Dean, 170 AD2d 574; Efdey Elec. Contrs. v Melita, 167 AD2d 501). Nevertheless, while the record is devoid of newly discovered evidence, we find that sufficient cause exists for granting the motion in this case because it is substantively valid and the granting of the motion will further the ends of justice while eliminating an unnecessary burden on the resources of the courts and the McDonald's defendants (see, Post v Post, 141 AD2d 518; Freeze Right Refrig. & Air Conditioning Servs. v City of New York, 101 AD2d 175).

In support of their motion, the McDonald's defendants set forth evidentiary facts demonstrating that the restaurant was designed and constructed in accordance with the building permit issued by the City of Yonkers and that the building and the surrounding site complied with all local ordinances. In opposition, the plaintiffs merely submitted the conclusory affidavit of an engineer which vaguely asserted that "[t]he conduct and actions relative to the restaurant site taken by the defendant, McDonald's, constituted substantial causative factors of the occurrence of August 26, 1979". These unsubstantiated allegations and bald conclusions are insufficient to establish a triable issue of fact with respect to the purported negligent design and construction of the restaurant (see, Zuckerman v City of New York, 49 NY2d 557).

Insofar as the plaintiffs attempt to premise liability on the alleged negligent placement of the one-way traffic sign, we

note that the evidence strongly favors the factual claim of the McDonald's defendants that the sign was pointing in the proper direction on the date of the accident. In any event, under the circumstances of this case the question of whether any act or omission of the McDonald's defendants was a proximate cause of the accident is an issue for the court to resolve *(see, Rivera v Goldstein,* 152 AD2d 556). There is no evidence that the defendant Negron relied upon, or even observed, the sign when he made his emergency turn into the parking lot. Moreover, the plaintiffs have failed to come forward with any evidence that the intervening negligent conduct of Negron was a normal or foreseeable event so as to impose a duty on the McDonald's defendants to prevent the resulting harm to the plaintiffs *(see, Rivera v Goldstein, supra).* Accordingly, the alleged improper placement of the sign was not a proximate cause of the accident as a matter of law *(see, Derdiarian v Felix Contr. Corp.,* 51 NY2d 308), and the plaintiffs' failure to raise a genuine and material triable issue of fact warrants the granting of the motion for summary judgment. Bracken, J. P., Sullivan, Eiber and Pizzuto, JJ., concur.