■ PAUL Z. PAVLOVICH et al., Respondents, v JAY ZIMMET, Defendant, and ANNE MARIE GARTI, Appellant. [857 NYS2d 744]—

Carpinello, J. Appeals (1) from an order of the Supreme Court (Coccoma, J.), entered May 17, 2007 in Delaware County, which denied defendants' motion for summary judgment dismissing the complaint, and (2) from an order of said court, entered

August 14, 2007, which denied defendant Anne Marie Garti's motion to extend time to seek leave to reargue.

The parties own adjacent property in the Town of Kortright, Delaware County. In this RPAPL article 15 proceeding, plaintiffs seek a declaration that they are entitled to a 25-foot right-of-way over a portion of property owned by defendant Anne Marie Garti and further seek to enjoin Garti from maintaining a barrier over the right-of-way.\* In a counterclaim, Garti seeks a declaration enjoining plaintiffs from entering her land and, alternatively, in the event a valid easement exists, to limit same to a 10-foot traveled path. Following an unsuccessful motion for summary judgment and the completion of discovery, Garti, then proceeding pro se, made a successive motion for summary judgment. The motion was denied on the ground that none of Garti's allegations were new and that all the arguments could have been made in the first motion for summary judgment. A subsequent motion to reargue was denied as untimely and yet another motion to extend time to seek leave to reargue was also denied. Garti filed a notice of appeal from the order denying the successive motion for summary judgment, as well as the subsequent order denying an extension of time to seek leave to reargue.

We agree with Supreme Court's assessment that Garti's successive motion for summary judgment was made without a sufficient showing of newly-discovered evidence or sufficient cause (*see e.g. Matter of Bronsky-Graff Orthodontics, P.C.*, 37 AD3d 946, 947 [2007]; *Tuttle v McQuesten Co.*, 243 AD2d 930, 931 [1997]; *La Freniere v Capital Dist. Transp. Auth.*, 105 AD2d 517, 518 [1984]). In support of the successive motion, Garti relied primarily on the affidavit and abstracts of title of a title agent who performed title searches on her behalf, as well as the affidavit, survey and survey report of the same licensed surveyor utilized unsuccessfully in the initial motion. Such evidence was either submitted, or could have been submitted, with the initial motion and therefore does not constitute newly-discovered evidence (*see Matter of Bronsky-Graff Orthodontics, P.C., supra*). Nor are we persuaded that the deposition testimony of either plaintiff yielded sufficiently new evidence to warrant reconsideration of summary judgment (*see id.*). In any event, upon our review of the record, we are satisfied that questions of fact exist which preclude summary relief to Garti.

---

\* This action was originally commenced against Garti and defendant Jay Zimmet, who owned the subject property as tenants by the entirety. Zimmet has since died. Neither side takes issue with Supreme Court's holding that his death does not affect the merits of the case such that it can proceed without substitution pursuant to CPLR 1015 (b).

Cardona, P.J., Spain, Kavanagh and Stein, JJ., concur. Ordered that the orders are affirmed, without costs.