GAEL SUTTER, Appellant, v WAKEFERN FOOD CORP., Doing Business as SHOPRITE SUPERMARKET, Respondent. [892 NYS2d 764]—

The plaintiff alleged that, as she retrieved a box of dry cereal from a display at the defendant's supermarket, she was struck in the head by an object. She alleged that the display was stacked too high above the floor for stability, and that she saw several boxes of the cereal on the ground after she was struck in the head.

The plaintiff commenced this action against the defendant in 2002. In an amended order dated October 6, 2005, the Supreme Court denied the defendant's motion for summary judgment dismissing the complaint. In an order dated August 18, 2006, the Supreme Court denied the defendant's motion for leave to renew, on both a "procedural and substantive basis." In July 2008 the defendant again moved for summary judgment dismissing the complaint. The plaintiff then separately moved for the admission, pro hac vice, of Florida attorney Antoinette R. Appel to appear on her behalf as cocounsel in this action. The Supreme Court granted the defendant's motion and, in effect, denied the plaintiff's motion as academic.

Generally, successive motions for summary judgment should not be entertained, absent a showing of newly discovered evidence or other sufficient cause (see *Kimber Mfg., Inc. v Hanzus*, 56 AD3d 615 [2008]; *Crane v JAB Realty, LLC*, 48 AD3d 504 [2008]; *Williams v City of White Plains*, 6 AD3d 609 [2004]; *Davidson Metals Corp. v Marlo Dev. Co.*, 262 AD2d 599 [1999]). Here, the Supreme Court should not have entertained the defendant's latest motion for summary judgment dismissing the complaint since the defendant did not submit any newly discovered evidence, or present other sufficient cause (see *Kimber Mfg., Inc. v Hanzus*, 56 AD3d 615 [2008]; *Selletti v Liotti*, 45 AD3d 669 [2007]; *Williams v City of White Plains*, 6 AD3d 609 [2004]; *Davidson Metals Corp. v Marlo Dev. Co.*, 262 AD2d 599 [1999]).

The plaintiff's motion for the admission, pro hac vice, of Florida attorney Antoinette R. Appel to appear on her behalf as cocounsel in this action should have been granted (see 22 NYCRR 520.11 [a]). Fisher, J.P., Miller, Eng and Hall, JJ., concur.