(March 20, 2012)

■ RICHARD J. ALAIMO et al., Appellants, v MICHAEL F. MONGELLI et al., Respondents, et al., Defendants. [940 NYS2d 669]—

In an action to recover damages for legal malpractice, the plaintiffs appeal from stated portions of an order of the Supreme

Court, Nassau County (Parga, J.), entered December 3, 2010, which, inter alia, granted that branch of the motion of the defendants Michael F. Mongelli and Michael F. Mongelli, P.C., which was for summary judgment dismissing the amended complaint insofar as asserted against them, and denied that branch of their cross motion which was for leave to further amend the amended complaint and to conform the pleadings to the proof.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the plaintiffs' contention, that branch of the motion of the defendants Michael F. Mongelli and Michael F. Mongelli, P.C. (hereinafter together the Mongelli defendants) which was for summary judgment dismissing the first cause of action in the amended complaint insofar as asserted against them "did not violate the general proscription against successive summary judgment motions because it was based on deposition testimony which was not elicited until after the date of a prior order denying the earlier motion for summary judgment" (*Auffermann v Distl*, 56 AD3d 502, 502 [2008]; *see Staib v City of New York*, 289 AD2d 560 [2001]).

"To state a cause of action to recover damages for legal malpractice, a plaintiff must allege: (1) that the attorney 'failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession'; and (2) that the attorney's breach of the duty proximately caused the plaintiff actual and ascertainable damages" (*Dempster v Liotti*, 86 AD3d 169, 176 [2011], quoting *Leder v Spiegel*, 9 NY3d 836, 837 [2007], *cert denied sub nom. Spiegel v Rowland*, 552 US 1257 [2008]; *see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438, 442 [2007]).

"To establish causation, 'a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer's negligence' " (*Kennedy v H. Bruce Fischer, Esq., P.C.*, 78 AD3d 1016, 1018 [2010], quoting *Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d at 442; *see Kuzmin v Nevsky*, 74 AD3d 896, 898 [2010]; *see also Carrasco v Pena & Kahn*, 48 AD3d 395 [2008]). "Mere speculation about a loss resulting from an attorney's alleged omission is insufficient to sustain a prima facie case of legal malpractice" (*Humbert v Allen*, 89 AD3d 804, 806 [2011] [internal quotation marks and brackets omitted]).

"On a motion for summary judgment in the legal malpractice context, the defendant must 'demonstrate that the plaintiff is unable to prove at least one of the essential elements of a legal

malpractice cause of action' (*Greene v Sager*, 78 AD3d 777, 779 [2010]; *see Eisenberger v Septimus*, 44 AD3d 994 [2007]; *Kotzian v McCarthy*, 36 AD3d 863 [2007]). Once a defendant makes this prima facie showing, the burden shifts to the plaintiff to raise an issue of fact requiring a trial (*see Siciliano v Forchelli & Forchelli*, 17 AD3d [343,] 345 [2005]; *Schadoff v Russ*, 278 AD2d 222 [2000])" (*Dempster v Liotti*, 86 AD3d at 180-181).

Here, the Mongelli defendants established their prima facie entitlement to judgment as a matter of law dismissing the amended complaint alleging legal malpractice insofar as asserted against them by demonstrating that the plaintiffs would be unable to prove, inter alia, the element of causation (*see Humbert v Allen*, 89 AD3d at 806-807; *Marino v Lipsitz, Green, Fahringer, Roll, Salibury & Cambria, LLP*, 87 AD3d 566 [2011]; *Pistilli Constr. & Dev. Corp. v Epstein, Rayhill & Frankini*, 84 AD3d 913 [2011]; *Markowitz v Kurzman Eisenberg Corbin Lever & Goodman, LLP*, 82 AD3d 719 [2011]). In opposition, the plaintiffs failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

The plaintiffs' remaining contentions are without merit.

Thus, the Supreme Court correctly awarded the Mongelli defendants summary judgment dismissing the amended complaint insofar as asserted against them. Balkin, J.P., Eng, Hall and Roman, JJ., concur.