*665 The defendant, an attorney, represented the plaintiff in a matrimonial action that was resolved by stipulation of settlement pursuant to which the plaintiff received, inter alia, $1.6 million in equitable distribution and an additional amount of annual maintenance. Thereafter, the plaintiff commenced this action alleging, among other things, legal malpractice. Specifically, the plaintiff alleged that the defendant negligently advised her to settle the underlying matrimonial action despite the suggestion of a forensic accountant that the plaintiff’s husband earned, or had the ability to earn, more money than he had disclosed. In an order entered September 13, 2007, the Supreme Court denied the defendant’s cross motion for summary judgment. Subsequently, in an order entered May 5, 2008, upon renewal, the Supreme Court, among other things, granted that branch of the defendant’s cross motion which was for summary judgment dismissing so much of the first cause of action as sought to recover damages for legal malpractice based upon the defendant’s alleged negligent advice to settle. This Court modified the order entered May 5, 2008, inter alia, upon renewal, by adhering to so much of the original determination in the order entered September 13, 2007, as denied that branch of the cross motion (see Coccia v Liotti, 70 AD3d 747 [2010]). Thereafter, depositions of the plaintiffs former husband and his accountant were conducted. The defendant again moved, inter alia, for summary judgment dismissing the complaint. In support, he annexed the deposition transcripts of the former husband and his accountant which, the defendant maintained, clarified any discrepancies between the former husband’s claimed income and his business records, and which further demonstrated that the financial basis for the underlying matrimonial settlement was sound. The defendant also made arguments in support of those branches of his motion which were for summary judgment dismissing the other causes of action that were duplicative of arguments he made in his earlier cross motion for summary *666 judgment. In the order appealed from, the Supreme Court, inter alia, denied that branch of the defendant’s motion which was for summary judgment dismissing the complaint.
“Generally, successive motions for summary judgment should not be entertained, absent a showing of newly discovered evidence or other sufficient cause” (Sutter v Wakefern Food Corp., 69 AD3d 844, 845 [2010]; see Kimber Mfg., Inc. v Hanzus, 56 AD3d 615 [2008]). Here, the only branch of the defendant’s motion that did not violate the general proscription against successive summary judgment motions was that branch which was for summary judgment dismissing so much of the first cause of action as sought to recover damages for legal malpractice based upon the defendant’s alleged negligence in advising the plaintiff to settle her matrimonial action. This was the only branch of the defendant’s motion which was based on deposition testimony of nonparty witnesses not elicited until after the defendant’s earlier cross motion for summary judgment was denied (see Alaimo v Mongelli, 93 AD3d 742, 743 [2012]; Auffermann v Distl, 56 AD3d 502, 502 [2008]; Staib v City of New York, 289 AD2d 560 [2001]). Therefore, the remaining branches of the defendant’s motion for summary judgment were properly denied as violative of the rule against successive motions for summary judgment.
As to that branch of the motion which did not violate the general proscription against successive motions for summary judgment, the defendant met his prima facie burden of establishing entitlement to judgment as a matter of law (see Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1068 [1979]; Boglia v Greenberg, 63 AD3d 973, 975 [2009]). The plaintiffs opposition papers, in addressing the central issue of the cause of action, consisted merely of an affirmation of counsel that made conclusory and unsubstantiated assertions, and failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
The plaintiffs request for the imposition of sanctions against the defendant in connection with this appeal is denied (see 22 NYCRR 130-1.1). Dillon, J.P., Angiolillo, Balkin and Chambers, JJ., concur.