■ ALEKSANDER VINAR, Respondent, v JOHN LITMAN et al., Defendants, and HONIG, MONGIOI, MONAHAN AND SKLAVOS LLP, et al., Appellants. (And Another Action.) [972 NYS2d 704]—

In an action, inter alia, to recover damages for legal malpractice, fraud, and conversion, the defendants Honig, Mongioi, Monahan and Sklavos LLP, Edward H. Honig, Robert Anthony Monahan, Mary E. Mongioi, Alexander E. Sklavos, Monahan & Sklavos, P.C., and Alexander E. Sklavos, P.C., appeal from so much of an order of the Supreme Court, Queens County (Lane, J.), dated February 14, 2012, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action alleging, inter alia, legal malpractice, fraud, and conversion. The defendants Honig, Mongioi, Monahan and Sklavos LLP, Edward H. Honig, Robert Anthony Monahan, Mary E. Mongioi, Alexander E. Sklavos, Monahan & Sklavos, P.C., and Alexander E. Sklavos, P.C. (hereinafter collectively the attorney defendants) moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court concluded that their motion for summary judgment constituted their second motion for that relief, and denied it on the ground that they failed to identify the specific new evidence or sufficient cause that would justify the making of a successive summary judgment motion. On appeal, the attorney defendants contend, inter alia, that the court erred in denying their motion since their second summary judgment motion was premised on new evidence that was unavailable at the time of their initial motion.

"Generally, successive motions for summary judgment should not be entertained, absent a showing of newly discovered evidence or other sufficient cause" (*Sutter v Wakefern Food Corp.*, 69 AD3d 844, 845 [2010]; *see Coccia v Liotti*, 101 AD3d 664, 666 [2012]; *Powell v Trans-Auto Sys.*, 32 AD2d 650 [1969]; *Levitz v Robbins Music Corp.*, 17 AD2d 801 [1962]). Although, in this context, newly discovered evidence may consist of "deposition testimony which was not elicited until after the date of a prior order denying an earlier motion for summary judgment" (*Auffermann v Distl*, 56 AD3d 502, 502 [2008]; *see Coccia v Liotti*, 101 AD3d at 666; *Alaimo v Mongelli*, 93 AD3d 742, 743 [2012]; *Staib v City of New York*, 289 AD2d 560 [2001]), such evidence is not "newly discovered" simply because it was not submitted on the previous motion (*Sutter v Wakefern Food Corp.*, 69 AD3d at 845). Rather, the evidence that was not submitted in support of the previous summary judgment motion must be used to es-

tablish facts that were not available to the party at the time it made its initial motion for summary judgment and which could not have been established through alternative evidentiary means (*see Pavlovich v Zimmet*, 50 AD3d 1364, 1365 [2008]; *Capuano v Platzner Intl. Group*, 5 AD3d 620, 621 [2004]; *Rose v La Joux*, 93 AD2d 817, 818 [1983]; *Graney Dev. Corp. v Taksen*, 62 AD2d 1148, 1149 [1978]; *Harding v Buchele*, 59 AD2d 754, 755 [1977]; *Abramoff v Federal Ins. Co.*, 48 AD2d 676 [1975]; *Powell v Trans-Auto Sys.*, 32 AD2d 650 [1969]). Indeed, "successive motions for summary judgment should not be made based upon facts or arguments which could have been submitted on the original motion for summary judgment" (*Capuano v Platzner Intl. Group*, 5 AD3d at 621; *see Harding v Buchele*, 59 AD2d at 755).

Here, contrary to the contention of the attorney defendants, the plaintiff's deposition testimony did not constitute newly discovered evidence. Although the plaintiff's deposition was elicited after the prior summary judgment motion was denied, the purported new facts established by the plaintiff's deposition testimony could have been asserted by the attorney defendants in support of their previous motion. The purported new facts pertained to matters about which the individual attorney defendants had personal knowledge, and could have been established through alternative evidentiary means. Accordingly, since the attorney defendants failed to demonstrate that their second motion for summary judgment was based upon facts or arguments which could not have been submitted on the original motion for summary judgment, and since they failed to demonstrate other sufficient cause, the Supreme Court properly denied their motion (*see Pavlovich v Zimmet*, 50 AD3d at 1365; *Capuano v Platzner Intl. Group*, 5 AD3d at 621; *Rose v La Joux*, 93 AD2d at 818; *Graney Dev. Corp. v Taksen*, 62 AD2d at 1149; *Harding v Buchele*, 59 AD2d at 755; *Abramoff v Federal Ins. Co.*, 48 AD2d 676 [1975]; *Powell v Trans-Auto Sys.*, 32 AD2d 650 [1969]).

The parties' remaining contentions have been rendered academic in light of our determination. Rivera, J.P., Lott, Sgroi and Miller, JJ., concur. **[Prior Case History: 2012 NY Slip Op 30392(U).]**