■ YAKIMA TINGLING, Respondent, v C.I.N.H.R., INC., Appellant, and THYSSENKRUPP ELEVATOR CORPORATION, Defendant/ Third-Party Plaintiff-Appellant. CENTRAL ISLAND NURSING HOME, INC., Third-Party Defendant-Respondent. [992 NYS2d 43]—

In an action to recover damages for personal injuries and a third-party action to recover damages, inter alia, for breach of a contract to procure insurance, the defendant C.I.N.H.R., Inc., appeals from so much of an order of the Supreme Court, Queens County (Hart, J.), dated October 15, 2012, as denied its renewed motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and the defendant/ third-party plaintiff, Thyssenkrupp Elevator Corporation, separately appeals from so much of the same order as denied its motion for summary judgment on its third-party causes of action for contractual indemnification and to recover damages for breach of contract, and granted the cross motion of the third-party defendant, Central Island Nursing Home, Inc., for summary judgment dismissing the third-party complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the cross motion of the third-party defendant, Central Island Nursing Home, Inc., for summary judgment dismissing the third-party complaint and substituting therefor a provision denying, as premature, the cross motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the defendant/third-party plaintiff, Thyssenkrupp Elevator Corporation, payable by the third-party defendant, Central Island Nursing Home, Inc.

Generally, successive motions for summary judgment should not be entertained, absent a showing of newly discovered evidence or other sufficient cause (*see Vinar v Litman*, 110 AD3d 867, 868 [2013]; *Coccia v Liotti*, 101 AD3d 664, 666 [2012]; *Sutter v Wakefern Food Corp.*, 69 AD3d 844, 845 [2010]). Here, there was no showing of newly discovered evidence or other sufficient cause to warrant entertaining that branch of the motion of the defendant/third-party plaintiff, Thyssenkrupp Elevator Corporation (hereinafter the elevator company), which was for summary judgment on its third-party cause of action for

contractual indemnification, which was raised for the first time on the elevator company's third motion for summary judgment. However, under the circumstances of this case, there was sufficient cause to entertain that branch of the elevator company's motion which was for summary judgment on its third-party cause of action to recover damages for breach of contract. As to the merits of that branch of the motion, " '[a] party seeking summary judgment based on an alleged failure to procure insurance naming that party as an additional insured must demonstrate that a contract provision required that such insurance be procured and that the provision was not complied with' " (*DiBuono v Abbey, LLC*, 83 AD3d 650, 652 [2011], quoting *Rodriguez v Savoy Boro Park Assoc. Ltd. Partnership*, 304 AD2d 738, 739 [2003]; *see Kinney v Lisk Co.*, 76 NY2d 215 [1990]). On this record, even upon consideration of its additional submissions, the elevator company failed to establish, prima facie, that it was a successor-in-interest to the corporation that the third-party defendant, Central Island Nursing Home, Inc. (hereinafter the nursing home), was contractually obligated to name as an additional insured on such an insurance policy, or that it was otherwise entitled to the benefit of the insurance procurement provision. Since the elevator company failed to meet its initial burden, we need not review the sufficiency of the opposition papers submitted by the nursing home (*see Moore v Great Atl. & Pac. Tea Co., Inc.*, 117 AD3d 695 [2014]). Accordingly, the Supreme Court properly denied that branch of the elevator company's motion which was for summary judgment on its third-party cause of action to recover damages for breach of contract.

Contrary to the Supreme Court's determination, in support of its cross motion for summary judgment dismissing the third-party complaint, the nursing home failed to establish which, if either, of the two elevator maintenance agreements was operative at the applicable time, and whether the operative agreement violated General Obligations Law § 5-322.1, which generally renders void a clause in a construction contract purporting to indemnify a party for its own negligence. Moreover, a contractual clause that purports to do so " 'may be enforced where the party to be indemnified is found to be free of any negligence' " (*Gonzalez v Magestic Fine Custom Home*, 115 AD3d 796, 798 [2014], quoting *Cabrera v Board of Educ. of City of N.Y.*, 33 AD3d 641, 643 [2006]). Here, since there has been no determination as to negligence, granting the nursing home's motion for summary judgment dismissing the third-party action would be premature (*see Brennan v R.C. Dolner, Inc.*, 14 AD3d 639, 639 [2005]; *Marano v Commander Elec., Inc.*, 12 AD3d 571,

573 [2004]). Accordingly, the Supreme Court should have denied, as premature, the nursing home's cross motion for summary judgment dismissing the third-party complaint.

The Supreme Court properly denied the renewed motion of the defendant C.I.N.H.R., Inc. (hereinafter the owner), for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. "An out-of-possession landlord is not liable for injuries caused by dangerous conditions on leased premises in the absence of a statute [or regulation] imposing liability, a contractual provision placing the duty to repair on the landlord, or by a course of conduct by the landlord giving rise to a duty" (*Lugo v Austin-Forest Assoc.*, 99 AD3d 865, 866 [2012]; *see Repetto v Alblan Realty Corp.*, 97 AD3d 735, 737 [2012]; *Alnashmi v Certified Analytical Group, Inc.*, 89 AD3d 10, 18 [2011]; *Mercer v Hellas Glass Works Corp.*, 87 AD3d 987, 988 [2011]). In support of its renewed motion, the owner failed to establish, prima facie, that it was an out-of-possession landlord with no such duty, such that liability could not be imposed upon it (*see Healy v Bartolomei*, 87 AD3d 1112, 1113 [2011]). Moreover, while the owner established, prima facie, that it neither created nor had actual or constructive notice of any defect which allegedly caused the plaintiff's injuries (*see Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]), in opposition, the plaintiff raised a triable issue of fact as to whether the owner had actual or constructive notice of such a defect (*cf. Healy v Bartolomei*, 87 AD3d at 1113; *Urman v S & S, LLC*, 85 AD3d 897 [2011]). Mastro, J.P., Dickerson, Cohen and Miller, JJ., concur.