■ JAUREL LaTOUCHE et al., Appellants-Respondents, v HARRY TEREZAKIS et al., Defendants, JAMES FOLLANDER, Respondent-Appellant, and NICOLA CAVALLO, Respondent. [19 NYS3d 531]—In an action, inter alia, to recover on promissory notes and accounts stated, and for legal malpractice, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Pineda-Kirwan, J.), dated June 28, 2013, as denied their motion for summary judgment on their causes of action against the defendant Nicola Cavallo to recover on promissory notes and accounts stated and for summary judgment on their causes of action against the defendant James Follander to recover damages for legal malpractice, and granted those branches of the motion of the defendant James Follander which were for summary judgment dismissing the causes of action to recover damages for legal malpractice asserted against him by the plaintiffs Jaurel LaTouche, Kimberly Joseph, Emmanuel Joseph, and Tracy Monel. The defendant James Follander cross-appeals from so much of the same order as denied those branches of his motion

which were for summary judgment dismissing the causes of action to recover damages for legal malpractice and for punitive damages asserted against him by the plaintiffs Sheila Audige, Garcia Montfleury, and Vladimir Monel.

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the order is reversed insofar as cross-appealed from, on the law, and those branches of the motion of the defendant James Follander which were for summary judgment dismissing the causes of action to recover damages for legal malpractice and for punitive damages asserted against him by the plaintiffs Sheila Audige, Garcia Montfleury, and Vladimir Monel, are granted; and it is further,

Ordered that one bill of costs is awarded to the defendant James Follander payable by the plaintiffs.

Contrary to the conclusion of the Supreme Court, that branch of the plaintiffs' motion which was for summary judgment on their causes of action against the defendant Nicola Cavallo to recover on promissory notes and accounts stated did not violate the general proscription against successive summary judgment motions because it was based on deposition testimony which was not elicited until after the date of the order denying the earlier motion for summary judgment (see *Auffermann v Distl,* 56 AD3d 502 [2008]; *Staib v City of New York,* 289 AD2d 560 [2001]). Nevertheless, in opposition to the plaintiffs' prima facie showing of entitlement to judgment as a matter of law on these causes of action, Cavallo raised a triable issue of fact by adducing evidence that he did not sign the promissory notes at issue and did not give anyone permission to sign those notes on his behalf. Further, the plaintiffs' causes of action to recover on accounts stated may not be utilized simply as an alternative means to collect the debt allegedly owed under the disputed promissory notes (see *Baptist Home of Brooklyn, N.Y. v Schott,* 74 AD3d 849 [2010]).

The Supreme Court properly denied that branch of the plaintiffs' motion which was for summary judgment on their causes of action against the defendant James Follander to recover damages for legal malpractice and granted those branches of Follander's motion which were for summary judgment dismissing the causes of action to recover damages for legal malpractice asserted against him by the plaintiffs Jaurel LaTouche, Kimberly Joseph, Emmanuel Joseph, and Tracy Monel. In addition, the court should have granted those branches of Follander's motion which were for summary judgment dismissing the causes of action to recover damages for

legal malpractice and for punitive damages asserted against him by the plaintiffs Sheila Audige, Garcia Montfleury, and Vladimir Monel. In opposition to Follander's prima facie showing of entitlement to judgment as a matter of law, the plaintiffs failed to raise a triable issue of fact (see *Zuckerman v City of New York*, 49 NY2d 557 [1980]). The expert affidavit submitted by the plaintiffs in opposition to Follander's motion failed to address the issue of proximate cause, and the plaintiffs failed to adduce any evidence to demonstrate that Follander's alleged legal malpractice proximately caused them to sustain any actual and ascertainable damages (see *Parklex Assoc. v Flemming Zulack Williamson Zauderer, LLP*, 118 AD3d 968 [2014]). The plaintiffs also improperly sought punitive damages in a separate cause of action and failed to raise a triable issue of fact as to whether Follander's alleged conduct was so gross, wanton, or willful, or of such high moral culpability, as to warrant an award of punitive damages (see *Baxter v Javier*, 109 AD3d 493 [2013]; *Financial Servs. Veh. Trust v Saad*, 72 AD3d 1019 [2010]). Eng, P.J., Chambers, Roman and Barros, JJ., concur.