885 Park Avenue Brooklyn, LLC, Respondent,
against
Daniel Goddard, Appellant, and Javier Maldonado Borges, "John Doe" and "Jane Doe," Undertenants.



Appeals from orders of the Civil Court of the City of New York, Kings County (Marcia J. Sikowitz, J.), dated March 13, 2013 and August 28, 2013, respectively, and from a final judgment of the same court (Lydia C. Lai, J.) entered March 6, 2014. The order dated March 13, 2013, among other things, amended the caption and directed tenant to pay interim use and occupancy in a holdover summary proceeding. The final judgment, entered pursuant to the order dated August 28, 2013 granting landlord's motion for summary judgment and denying tenant's cross motion to compel discovery, awarded landlord possession and the principal sum of $10,590.




ORDERED that the appeals from the orders dated March 13, 2013 and August 28, 2013, respectively, are dismissed; and it is further,
ORDERED that the final judgment is affirmed, without costs.
The appeal from the order dated March 13, 2013 is dismissed as abandoned, as tenant's brief raises no issue with respect thereto. The appeal from the order dated August 28, 2013 is dismissed, as the right of direct appeal therefrom terminated with the entry of the final judgment (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order dated August 28, 2013 are brought up for review and have been considered on the appeal from the final judgment (see CPLR 5501 [a] [1]).
In this holdover proceeding, landlord alleges that tenant held over after the expiration of a non-regulated market lease, and tenant alleges that he is rent stabilized. Landlord moved for summary judgment on the ground that the building in which the subject apartment is located is exempt from rent stabilization due to a substantial rehabilitation, which had been commenced in 1999 and had converted the building from purely commercial space into a residential building (see Rent Stabilization Code [9 NYCRR] § 2520.11 [e]). Tenant cross-moved to compel landlord to comply with a "prior discovery order." The Civil Court granted landlord's motion and denied tenant's cross motion. A final judgment was subsequently entered awarding landlord [*2]possession and the principal sum of $10,590.
Pursuant to Rent Stabilization Code (9 NYCRR) § 2520.11 (e), certain housing accommodations in "buildings substantially rehabilitated as family units on or after January 1, 1974" are exempt from rent stabilization. In a case where the landlord had demonstrated that it had converted a "purely commercial space into an almost purely residential space, creating 23 residential units when none existed," the building was exempt from rent stabilization based upon a substantial rehabilitation (22 CPS Owner LLC v Carter, 84 AD3d 456, 457 [2011]). Contrary to tenant's contention on appeal, landlord submitted, in support of its motion, substantial proof of its claim that the property had been a commercial building that had been converted, by landlord, into a residential building between 1999 and 2003, and that a residential certificate of occupancy had been issued in 2005. Indeed, the unrebutted proof submitted by landlord demonstrates that, when landlord's predecessor in interest purchased the building, it consisted of empty warehouse space lacking even the means to access the space above the ground floor, let alone building-wide systems necessary for residential occupancy. Tenant's submissions do not raise a triable issue of fact with respect to the status of the building as a commercial building with no residential units prior to 1974 and its conversion into a residential building beginning in 1999. Nor is there any merit to tenant's argument, raised for the first time in his reply brief, that he had demonstrated that his unit was not part of the alleged substantial rehabilitation, and therefore that his apartment was subject to rent stabilization (see Matter of 12th Co. v New York State Div. of Hous. & Community Renewal, 303 AD2d 328 [2003]).
Rent Stabilization Code (9 NYCRR) § 2520.11 (e) (8) allows, but does not require, a landlord to apply for "an advisory prior opinion that the building will qualify for exemption from rent regulation on the basis of substantial rehabilitation, based upon the owner's rehabilitation plan." Operational Bulletin 95-2 also allows, and even encourages, owners to apply for an advisory prior opinion, and states that any DHCR final order determining that a building is exempt from rent regulation on the basis of substantial rehabilitation will be binding on the entire building. However, there is no support for tenant's argument that such a determination is required as proof of the building's exemption from rent stabilization.
Contrary to tenant's contention, under the circumstances, the Civil Court providently exercised its discretion in entertaining landlord's successive motion for summary judgment (see American Equity Ins. Co. v A & B Roofing, Inc., 106 AD3d 762, 763 [2013] [reversing the Supreme Court's denial of the plaintiff's second motion for summary judgment declaring that it was not obligated to indemnify a defendant in an underlying action, and granting the motion on the ground that the "subsequent motion for summary judgment was substantively valid, and the granting of it would have furthered the ends of justice"]). Landlord's motion, which set forth facts demonstrating that the subject building is exempt from rent stabilization pursuant to Rent Stabilization Code (9 NYCRR) § 2520.11 (e), is substantively valid, and we agree with the Civil Court's implicit determination that the granting of the motion would "further the ends of justice while eliminating an unnecessary burden on the resources of the courts" (Detko v McDonald's Rests. of NY,198 AD2d 208, 209 [1993]).
Tenant also argued, before the Civil Court and on appeal, that landlord's motion should have been denied because discovery remains outstanding. On appeal, tenant specifically argues that, by order dated August 20, 2012, the Civil Court "granted Tenant leave to serve his deposition notice and document demand . . ." Indeed, unlike in an action where full disclosure of matter that is material and necessary is required (see CPLR 3101 [a]), tenant was required to seek leave of court before conducting discovery in this special proceeding (see CPLR 408), and the Civil Court granted tenant's motion seeking such leave in the August 20, 2012 order. A subsequent order, dated March 13, 2013, which granted two motions by landlord that were entirely unrelated to discovery, reaffirmed that the parties had leave of court to engage in discovery.
However, the record is devoid of any indication that tenant had ever served a deposition notice or document demand. In opposing landlord's second motion for summary judgment and [*3]cross-moving for an order compelling disclosure, tenant argued only, in the most conclusory way, that landlord had ignored the Civil Court's August 20, 2012 order. Tenant did not attach any discovery demands, and he did not submit any proof that he had ever served discovery demands with which landlord had failed to comply. Indeed, the record reflects that landlord had never been obligated, by an order made pursuant to CPLR 3124, to comply with a discovery demand.
Even if discovery demands had been served, service of landlord's motion for summary judgment stayed disclosure until the determination of the motion, since the Civil Court elected not to exercise its discretion to order otherwise (see CPLR 3214; Abrams v Renaissance Equity Holdings, LLC, 43 Misc 3d 57 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]). Tenant has failed to offer an evidentiary basis to suggest that discovery might lead to "facts essential to justify opposition" (CPLR 3212 [f]) or that facts essential to opposing the motion were exclusively within landlord's knowledge and control (see Baron v Incorporated Vil. of Freeport, 143 AD2d 792 [1988]). Tenant did not even make this argument before the Civil Court. In any event, the mere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is an insufficient basis for denying the motion (see Kimyagarov v Nixon Taxi Corp., 45 AD3d 736 [2007]).
Accordingly, the final judgment is affirmed.
Weston, J.P., and Elliot, J., concur.
Solomon, J., dissents in part and concurs in part in a separate memorandum.
Solomon, J., dissents in part and concurs in part and votes to dismiss the appeals from the orders dated March 13, 2013 and August 28, 2013, reverse the final judgment, vacate the order granting landlord's motion for summary judgment and denying tenant's cross motion to compel discovery, deny landlord's motion for summary judgment and grant tenant's cross motion to compel discovery in the following memorandum:
While I concur in the dismissal of the intermediate orders, I would reverse the final judgment. However well researched and reasoned the decision on the motion for summary judgment may be, the Civil Court should not have addressed the motion until landlord complied with the two prior orders requiring it to complete discovery before restoring the case to the active calendar. The Civil Court took note of both of these orders in its decision but failed to enforce them.
Given landlord's failure to comply with the prior court orders, permitting landlord to proceed with a second motion for summary judgment was an improvident exercise of discretion.
There is nothing in the record which would indicate that tenant, Daniel Goddard, was utilizing the discovery process to delay the proceeding. Indeed, the record shows no explanation for landlord's failure to comply with the prior orders. Communications between counsel show an initial attempt to proceed with a deposition of landlord. This did not go forward, perhaps because of the transfer of title, which resulted in a motion to substitute the petitioner and counsel for petitioner, which was made one month after counsels' emails regarding landlord's deposition.
The Civil Court noted that tenant "failed to move for relief following the March 2013 decision and order directing discovery," which order was a reiteration of an order dated August 20, 2012. To the extent the court found that tenant's "papers are silent as to the necessity of [landlord] sitting for a deposition, or his failure to move for relief when discovery documents were not produced," it improperly shifted the burden to tenant. It was not necessary for tenant to move for discovery because there were already two prior orders requiring it. In fact, the order of August 20, 2012 marked the case "off calendar pending completion of discovery including the deposition of [Landlord]." The burden was on landlord to show that it had made good faith efforts and had somehow been frustrated in its efforts to comply with the orders if it wanted the case returned to the calendar for summary judgment prior to completion of discovery.
" Generally, successive motions for summary judgment should not be entertained, absent a showing of newly discovered evidence or other sufficient cause' (Sutter v Wakefern Food Corp., 69 AD3d 844, 845 [2010]; see Coccia v Liotti, 101 AD3d 664, 666 [2012]; Powell v Trans-Auto Sys., 32 AD2d 650 [1969]; Levitz v Robbins Music Corp., 17 AD2d 801 [1962])" [*4](Vinar v Litman, 110 AD3d 867, 868 [2013]; see also Tingling v C.I.N.H.R., Inc., 120 AD3d 570 [2014]). It has been held that this exception includes "events which occurred after the prior motion for summary judgment was made (see Alaimo v Mongelli, 93 AD3d 742 [2012]; City of New York v Brooklyn, LLC, 85 AD3d 707 [2011])" (Citicorp Trust Bank, FSB v Makkas, 127 AD3d 907, 909 [2015]), and "deposition testimony which was not elicited until after the date of the order denying the earlier motion for summary judgment" (LaTouche v Terezakis, 132 AD3d 956, 957 [2016]; see also Colantonio v Mercy Med. Ctr., 135 AD3d 686 [2016]). However,
"evidence is not newly discovered' simply because it was not submitted on the previous motion (Sutter v Wakefern Food Corp., 69 AD3d at 845). Rather, the evidence that was not submitted in support of the previous summary judgment motion must be used to establish facts that were not available to the party at the time it made its initial motion for summary judgment and which could not have been established through alternative evidentiary means (see Pavlovich v Zimmet, 50 AD3d 1364, 1365 [2008]; Capuano v Platzner Intl. Group, 5 AD3d 620, 621 [2004]; Rose v La Joux, 93 AD2d 817, 818 [1983]; Graney Dev. Corp. v Taksen, 62 AD2d 1148, 1149 [1978]; Harding v Buchele, 59 AD2d 754, 755 [1977]; Abramoff v Federal Ins. Co., 48 AD2d 676 [1975]; Powell v Trans-Auto Sys., 32 AD2d 650 [1969])" (Vinar, 110 AD3d at 868-869).
Landlord's second motion for summary judgment would not qualify under these exceptions. While it contained a great deal of material that was not submitted in connection with the initial motion, those materials could have been obtained with reasonable diligence for submission on the initial motion. The fact that title was transferred to a new entity between the two motions and the caption amended is irrelevant.
An additional exception to the general rule, and the one that the Civil Court relied upon, lies in the discretion of the court. "Although successive motions for summary judgment are disfavored, a subsequent summary judgment motion may be properly entertained when it is substantively valid and the granting of the motion will further the ends of justice and eliminate an unnecessary burden on the resources of the courts (see Fuller v Nesbitt, 116 AD3d 999, 1000 [2014])" (Graham v City of New York, 136 AD3d 747, 748 [2016]). This exception rests in the sound discretion of the court and has found very limited use. A review of the case law finds that it is rarely warranted. Cases where discretion has been affirmed involved a full defense to the action, such as no duty to plaintiff (Graham, 136 AD3d 747), or no ownership of the vehicle (Fuller, 116 AD3d 999), or complex and difficult questions that may not have been fully appreciated on the initial motion such as compliance with building codes and local ordinances (see Detko v McDonald's Rests. of NY, 198 AD2d 208 [1993]), or compliance with the Industrial Code (see Pittman v S.P. Lenox Realty, LLC, 119 AD3d 846 [2014]).
The discretionary exception has been and should be used sparingly. Clearly, widespread use of this exception will quickly subvert whatever judicial economies it might create. The time and energy expended by the parties and the court, and the delays created by successive motions, should not be lightly disregarded.
Courts should be mindful that avoiding trials on issues that might be determined by motion does not necessarily outweigh other interests of justice. One example is the amendment to CPLR 3212 (a), effective January 1, 1997, providing a time limit for a motion for summary judgment. In requiring strict compliance with the statute, the Court of Appeals noted that an "anomaly may result, in that a meritorious summary judgment motion may be denied" (Brill v City of New York, 2 NY3d 648, 653 [2004]). The Court concluded that the solution for this was for practitioners to comply with the statute and make their motions timely. The same can be said for requiring practitioners to set forth thorough and complete proof on the initial motion for summary judgment.
I would not reverse solely on the ground that the Civil Court should not have exercised its discretion in considering the second motion for summary judgment, provided that landlord had complied with the prior orders that landlord complete discovery. Under the circumstances, however, given landlord's complete and unexplained disregard of the prior court orders, the [*5]exercise of discretion was improvident.
Tenant's cross motion for discovery should have been granted and landlord's motion for summary judgment should have been denied.
Decision Date: February 10, 2017