Solomon, J.
(dissenting in part and concurring in part and voting to dismiss the appeals from the orders dated March 13, 2013 and August 28, 2013, reverse the final judgment, vacate the order granting landlord’s motion for summary judgment *79 and denying tenant’s cross motion to compel discovery, deny landlord’s motion for summary judgment and grant tenant’s cross motion to compel discovery in the following memorandum). While I concur in the dismissal of the intermediate orders, I would reverse the final judgment. However well researched and reasoned the decision on the motion for summary judgment may be, the Civil Court should not have addressed the motion until landlord complied with the two prior orders requiring it to complete discovery before restoring the case to the active calendar. The Civil Court took note of both of these orders in its decision but failed to enforce them.
Given landlord’s failure to comply with the prior court orders, permitting landlord to proceed with a second motion for summary judgment was an improvident exercise of discretion.
There is nothing in the record which would indicate that tenant, Daniel Goddard, was utilizing the discovery process to delay the proceeding. Indeed, the record shows no explanation for landlord’s failure to comply with the prior orders. Communications between counsel show an initial attempt to proceed with a deposition of landlord. This did not go forward, perhaps because of the transfer of title, which resulted in a motion to substitute the petitioner and counsel for petitioner, which was made one month after counsels’ emails regarding landlord’s deposition.
The Civil Court noted that tenant “failed to move for relief following the March 2013 decision and order directing discovery,” which order was a reiteration of an order dated August 20, 2012. To the extent the court found that tenant’s “papers are silent as to the necessity of [landlord] sitting for a deposition, or his failure to move for relief when discovery documents were not produced,” it improperly shifted the burden to tenant. It was not necessary for tenant to move for discovery because there were already two prior orders requiring it. In fact, the order of August 20, 2012 marked the case “off calendar pending completion of discovery including the deposition of [landlord].” The burden was on landlord to show that it had made good faith efforts and had somehow been frustrated in its efforts to comply with the orders if it wanted the case returned to the calendar for summary judgment prior to completion of discovery.
“ ‘Generally, successive motions for summary judgment should not be entertained, absent a showing of newly discovered *80 evidence or other sufficient cause’ (Sutter v Wakefern Food Corp., 69 AD3d 844, 845 [2010]; see Coccia v Liotti, 101 AD3d 664, 666 [2012]; Powell v Trans-Auto Sys., 32 AD2d 650 [1969]; Levitz v Robbins Music Corp., 17 AD2d 801 [1962])” (Vinar v Litman, 110 AD3d 867, 868 [2013]; see also Tingling v C.I.N.H.R., Inc., 120 AD3d 570 [2014]). It has been held that this exception includes “events which occurred after the prior motion for summary judgment was made (see Alaimo v Mongelli, 93 AD3d 742 [2012]; City of New York v Brooklyn, LLC, 85 AD3d 707 [2011])” (Citicorp Trust Bank, FSB v Makkas, 127 AD3d 907, 909 [2015]), and “deposition testimony which was not elicited until after the date of the order denying the earlier motion for summary judgment” (LaTouche v Terezakis, 132 AD3d 956, 957 [2015]; see also Colantonio v Mercy Med. Ctr., 135 AD3d 686 [2016]). However,
“evidence is not ‘newly discovered’ simply because it was not submitted on the previous motion (Sutter v Wakefern Food Corp., 69 AD3d at 845). Rather, the evidence that was not submitted in support of the previous summary judgment motion must be used to establish facts that were not available to the party at the time it made its initial motion for summary judgment and which could not have been established through alternative evidentiary means (see Pavlovich v Zimmet, 50 AD3d 1364, 1365 [2008]; Capuano v Platzner Int'l. Group, 5 AD3d 620, 621 [2004]; Rose v La Joux, 93 AD2d 817, 818 [1983]; Graney Dev. Corp. v Taksen, 62 AD2d 1148, 1149 [1978]; Harding v Buchele, 59 AD2d 754, 755 [1977]; Abramoff v Federal Ins. Co., 48 AD2d 676 [1975]; Powell v Trans-Auto Sys., 32 AD2d 650 [1969])” (Vinar, 110 AD3d at 868-869).
Landlord’s second motion for summary judgment would not qualify under these exceptions. While it contained a great deal of material that was not submitted in connection with the initial motion, those materials could have been obtained with reasonable diligence for submission on the initial motion. The fact that title was transferred to a new entity between the two motions and the caption amended is irrevelant.
An additional exception to the general rule, and the one that the Civil Court relied upon, lies in the discretion of the court.
“Although successive motions for summary judgment are disfavored, a subsequent summary judgment motion may be properly entertained when it *81 is substantively valid and the granting of the motion will further the ends of justice and eliminate an unnecessary burden on the resources of the courts (see Fuller v Nesbitt, 116 AD3d 999, 1000 [2014])” (Graham v City of New York, 136 AD3d 747, 748 [2016]).
This exception rests in the sound discretion of the court and has found very limited use. A review of the case law finds that it is rarely warranted. Cases where discretion has been affirmed involved a full defense to the action, such as no duty to plaintiff (Graham, 136 AD3d 747), or no ownership of the vehicle (Fuller, 116 AD3d 999), or complex and difficult questions that may not have been fully appreciated on the initial motion such as compliance with building codes and local ordinances (see Detko v McDonald’s Rests. of N.Y., 198 AD2d 208 [1993]), or compliance with the Industrial Code (see Pittman v S.P. Lenox Realty, LLC, 119 AD3d 846 [2014]).
The discretionary exception has been and should be used sparingly. Clearly, widespread use of this exception will quickly subvert whatever judicial economies it might create. The time and energy expended by the parties and the court, and the delays created by successive motions, should not be lightly disregarded.
Courts should be mindful that avoiding trials on issues that might be determined by motion does not necessarily outweigh other interests of justice. One example is the amendment to CPLR 3212 (a), effective January 1, 1997, providing a time limit for a motion for summary judgment. In requiring strict compliance with the statute, the Court of Appeals noted that an “anomaly may result, in that a meritorious summary judgment motion may be denied” (Brill v City of New York, 2 NY3d 648, 653 [2004]). The Court concluded that the solution for this was for practitioners to comply with the statute and make their motions timely. The same can be said for requiring practitioners to set forth thorough and complete proof on the initial motion for summary judgment.
I would not reverse solely on the ground that the Civil Court should not have exercised its discretion in considering the second motion for summary judgment, provided that landlord had complied with the prior orders that landlord complete discovery. Under the circumstances, however, given landlord’s complete and unexplained disregard of the prior court orders, the exercise of discretion was improvident.
*82 Tenant’s cross motion for discovery should have been granted and landlord’s motion for summary judgment should have been denied.
Weston, J.P., and Elliot, J., concur; Solomon, J., dissents in part and concurs in part in a separate memorandum.