Hillrich Holding Corp. v BMSL Mgt., LLC (2019 NY Slip Op 06070)





Hillrich Holding Corp. v BMSL Mgt., LLC


2019 NY Slip Op 06070


Decided on August 7, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2016-12823
 (Index No. 3336/14)

[*1]Hillrich Holding Corp., appellant, 
v
BMSL Management, LLC, et al., defendants.


Tarter Krinsky & Drogin LLP, New York, NY (Michael E. Camporeale of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), entered October 4, 2016. The order denied the plaintiff's unopposed motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendants BMSL Management, LLC, and Omni Home, LLC.
ORDERED that the order is affirmed, without costs or disbursements.
The plaintiff commenced this action to foreclose a mortgage against the defendants. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants BMSL Management, LLC, and Omni Home, LLC. No opposition to the motion was filed. The Supreme Court denied the motion, concluding, in effect, that the motion violated the rule against successive motions for summary judgment. The plaintiff appeals.
"Generally, successive motions for summary judgment should not be entertained, absent a showing of newly discovered evidence or other sufficient cause" (Sutter v Wakefern Food Corp., 69 AD3d 844, 845; see Vinar v Litman, 110 AD3d 867, 868; Coccia v Liotti, 101 AD3d 664, 666; Powell v Trans-Auto Sys., 32 AD2d 650). Evidence is not "newly discovered" simply because it was not submitted on the previous motion (Sutter v Wakefern Food Corp., 69 AD3d at 845). "Rather, the evidence that was not submitted in support of the previous summary judgment motion must be used to establish facts that were not available to the party at the time it made its initial motion for summary judgment and which could not have been established through alternative evidentiary means" (Vinar v Litman, 110 AD3d at 868-869; see Pavlovich v Zimmet, 50 AD3d 1364, 1365; Capuano v Platzner Intl. Group, 5 AD3d 620, 621). "Successive motions for summary judgment should not be made based upon facts or arguments which could have been submitted on the original motion for summary judgment" (Capuano v Platzner Intl. Group, 5 AD3d at 621; see Vinar v Litman, 110 AD3d at 869; Harding v Buchele, 59 AD2d 754, 755).
Here, the plaintiff failed to establish that the evidence it submitted in support of this motion for summary judgment was not available to it when it previously moved for summary judgment, and could not have been submitted on its prior motion. Accordingly, we agree with the Supreme Court's determination to deny the plaintiff's motion (see Vinar v Litman, 110 AD3d at 869; Pavlovich v Zimmet, 50 AD3d at 1365; Capuano v Platzner Intl. Group, 5 AD3d at 621).
RIVERA, J.P., HINDS-RADIX, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court