Bank of N.Y. Mellon v Penso (2021 NY Slip Op 02268)





Bank of N.Y. Mellon v Penso


2021 NY Slip Op 02268


Decided on April 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2017-06976 
2017-06977
 (Index No. 61574/13)

[*1]Bank of New York Mellon, etc., respondent,
v
Lori Penso, et al., appellants, et al., defendants.


Henry Law Group, Lindenhurst, NY (John J. Caracciolo of counsel), for appellants.
Frenkel, Lambert, Weiss, Weisman & Gordon, LLP, Bay Shore, NY (Ruth O'Connor of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Lori Penso and Michael Penso appeal from two orders of the Supreme Court, Suffolk County (Howard H. Heckman, Jr.), both dated April 4, 2017. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants, to strike those defendants' answer, and for an order of reference. The second order, insofar as appealed from, granted the same relief and appointed a referee to compute the amounts due to the plaintiff.
ORDERED that the orders are reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Lori Penso and Michael Penso, to strike those defendants' answer, and for an order of reference are denied.
In a note dated October 23, 2001, the defendants Lori Penso and Michael Penso (hereinafter together the defendants) borrowed $382,500 from nonparty Countrywide Home Loans, Inc. (hereinafter Countrywide). As security, Countrywide received a mortgage on premises owned by the defendants located in Suffolk County.
On June 28, 2013, the plaintiff, Countrywide's purported successor-in-interest, commenced the instant action to foreclose the mortgage against, among others, the defendants. On March 22, 2016, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference.
In an order dated April 4, 2017, the Supreme Court, among other things, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference. In a second order, also dated April 4, 2017, the court granted the same relief and appointed a referee to compute the amount due to the plaintiff. The defendants appeal.
The Supreme Court should not have determined that the plaintiff demonstrated, prima facie, that it had standing to commence the action. A plaintiff has standing to maintain a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362). "Either a written [*2]assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (Dyer Trust 2012-1 v Global World Realty, Inc., 140 AD3d 827, 828). "[A]n assignment of a note and mortgage need not be in writing and can be effectuated by physical delivery" (Bank of N.Y. v Silverberg, 86 AD3d 274, 280; see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361-362). Testimony from the loan's servicer may also be used to establish standing (see U.S. Bank, N.A. v Godwin, 137 AD3d 1260, 1261-1262).
Here, in support of the motion, the plaintiff submitted, inter alia, the affidavit of Kathleen Manly, an assistant vice present of Residential Credit Solutions, Inc. (hereinafter Residential), the plaintiff's loan servicer. While Manly averred, among other things, that she was familiar with Residential's records and record-keeping practices, and that she had reviewed the records of the prior loan servicer, Bank of America, N.A. (hereinafter Bank of America), she did not state that she was familiar with the records or record-keeping practices of Bank of America or that Bank of America's records were incorporated into Residential's records and routinely relied upon by Residential in its own business. Thus, she failed to lay a foundation for the admissibility of the records she relied upon to support her claim that the plaintiff possessed the original note prior to the commencement of this action (see Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 209; Arch Bay Holdings, LLC v Albanese, 146 AD3d 849, 852-853; cf. Deutsche Bank Nat. Trust Co. v Monica, 131 AD3d 737, 739). Since the plaintiff failed to establish its standing to commence the action, it failed to establish its prima facie entitlement to summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference (see Deutsche Bank Nat. Trust Co. v Adlerstein, 171 AD3d 868, 870). The plaintiff's failure to establish its prima facie entitlement to judgment as a matter of law requires a denial of the motion regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The defendants' remaining contentions are either without merit or improperly raised for the first time on appeal.
DILLON, J.P., LASALLE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court