US Bank N.A. v Weinman (2021 NY Slip Op 04051)





US Bank N.A. v Weinman


2021 NY Slip Op 04051


Decided on June 23, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
COLLEEN D. DUFFY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2017-12841
2017-12842
 (Index No. 4754/10)

[*1]US Bank National Association, etc., respondent,
v
Caroline Waloski Weinman, appellant.


Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, Lake Success, NY (Christopher A. Gorman of counsel), for appellant.
Aldridge Pite LLP (Reed Smith LLP, New York, NY [Andrew B. Messite and Michael V. Margarella], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant appeals from (1) an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated July 28, 2017, and (2) an order of the same court also dated July 28, 2017. The first order granted the plaintiff's motion for summary judgment on the complaint, to strike the defendant's answer, and for an order of reference, and denied the defendant's cross motion to compel discovery. The second order also granted the plaintiff's motion for summary judgment on the complaint, to strike the defendant's answer, and for an order of reference, and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the first order is modified, on the law, by deleting the provision thereof granting the plaintiff's motion for summary judgment on the complaint, to strike the defendant's answer, and for an order of reference, and substituting therefor a provision denying that motion; as so modified, the first order is affirmed, and the second order is vacated; and it is further,
ORDERED that the appeal from the second order is dismissed as academic in light of our determination on the appeal from the first order; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
On July 14, 2005, Caroline Waloski Weinman (hereinafter the defendant) executed a note in favor of nonparty Wall Street Mortgage Bankers Ltd., doing business as Power Express (hereinafter Power Express), in the sum of $600,000, which was secured by a mortgage on certain premises in Greenport. On February 2, 2010, Power Express's successor in interest, the plaintiff, commenced this action to foreclose the mortgage against, among others, the defendant.
In an order dated September 13, 2013, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and dismissing her affirmative defense alleging lack of standing, for an order of reference, and to amend the caption to omit "John Doe" defendants. In a decision and order dated December 31, 2014, this Court determined, among other things, that the Supreme Court [*2]improperly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and dismissing her affirmative defense alleging lack of standing, and for an order of reference, since the plaintiff failed to submit evidence sufficient to demonstrate that it had standing to commence the action (see US Bank N.A. v Weinman, 123 AD3d 1108, 1109-1110).
Thereafter, the plaintiff again moved for summary judgment on the complaint, to strike the defendant's answer, and for an order of reference. The defendant cross-moved to compel the plaintiff to provide certain discovery. The Supreme Court granted the plaintiff's motion, inter alia, for summary judgment on the complaint, and denied the defendant's cross motion to compel discovery. The defendant appeals.
Under the circumstances of this case, the Supreme Court providently exercised its discretion in entertaining the plaintiff's successive motion for summary judgment (see HSBC Bank USA, N.A. v Fortini, 189 AD3d 1373).
However, the Supreme Court erred in granting the plaintiff's motion for summary judgment on the complaint, to strike the defendant's answer, and for an order of reference. In a mortgage foreclosure action, a plaintiff has standing where it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (Dyer Trust 2012-1 v Global World Realty, Inc., 140 AD3d 827, 828).
Here, the plaintiff failed to meet its prima facie burden of establishing its standing to commence this action. In support of its motion, the plaintiff submitted, inter alia, the affidavit of James Green, a vice president of loan documentation for Wells Fargo Bank, N.A., the plaintiff's loan servicer. Green averred, based upon his review of "the business records relating to the subject mortgage loan," that the plaintiff obtained possession of the note on June 14, 2006, and was in possession of the note as of the commencement of the action. However, Green did not attest that he was personally familiar with the record-keeping practices and procedures of the entity that generated the records or that those records were incorporated into the loan servicer's records and routinely relied upon by the loan servicer in its own business. Thus, Green failed to lay a foundation for the admissibility of the records he relied upon to support his claim that the plaintiff had possession of the note as of the commencement of the action (see Bank of N.Y. Mellon v Penso, 193 AD3d 805, 806-807; Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 209; Arch Bay Holdings, LLC v Albanese, 146 AD3d 849, 852-853; Aurora Loan Servs., LLC v Baritz, 144 AD3d 618, 620). Since the plaintiff failed to meet its prima facie burden, the Supreme Court should have denied its motion for summary judgment on the complaint, to strike the defendant's answer, and for an order of reference, without regard to the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The defendant's remaining contentions either need not be reached in light of our determination or are without merit.
AUSTIN, J.P., DUFFY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court