GLND 1945, LLC v Ballard (2022 NY Slip Op 05995)

GLND 1945, LLC v Ballard

2022 NY Slip Op 05995

Decided on October 26, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
ROBERT J. MILLER
LARA J. GENOVESI
LILLIAN WAN, JJ.

2020-04271
 (Index No. 509731/15)

[*1]GLND 1945, LLC, respondent,
v
Dorothy Ballard, appellant.

Thomas Torto, New York, NY, for appellant.
Ginsburg & Misk, LLP, Queens Village, NY (Hal R. Ginsburg and Joseph Gillette of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for specific performance of a contract for the sale of real property, the defendant appeals from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated April 17, 2020. The order granted the plaintiff's motion for summary judgment on the complaint and directed specific performance of the contract.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the complaint is denied.
The plaintiff commenced this action, inter alia, for specific performance of a contract to sell real property, alleging that the defendant agreed to sell certain property to the plaintiff and that the defendant breached the contract by failing to close on July 16, 2015. The defendant answered the complaint and asserted various defenses, including, in effect, that her prior attorney fraudulently colluded with the plaintiff to deliver the contract of sale to the plaintiff against the defendant's instructions and without her authorization, that the plaintiff conspired with the defendant's prior attorney to fraudulently induce the defendant to sell the premises for an amount substantially below fair market value, and that the action was barred by the doctrine of unclean hands.
The plaintiff moved for summary judgment on the complaint, contending, among other things, that it had the financial ability to close on July 16, 2015. In an order dated April 27, 2017, the Supreme Court granted the plaintiff's motion and directed specific performance of the contract of sale. In a decision and order dated May 29, 2019, this Court, inter alia, reversed the order dated April 27, 2017, and denied the plaintiff's motion for summary judgment on the complaint (see GLND 1945, LLC v Ballard, 172 AD3d 1330, 1330). Thereafter, the plaintiff again moved for summary judgment on the complaint, again contending, among other things, that it had the financial ability to close on July 16, 2015, and also contending that it had the financial ability to close on February 6, 2019—a "time of the essence" closing date set by the plaintiff's attorney after the Supreme Court granted the plaintiff's first motion for summary judgment and while the defendant's appeal was pending. In an order dated April 17, 2020, the Supreme Court granted the plaintiff's second motion for summary judgment and directed specific performance of the contract. The defendant appeals.
"Generally, successive motions for summary judgment should not be entertained, absent a showing of newly discovered evidence or other sufficient cause" (Sutter v Wakefern Food Corp., 69 AD3d 844, 845; see Hillrich Holding Corp. v BMSL Mgt., LLC, 175 AD3d 474, 475). [*2]Thus, "successive motions for summary judgment should not be made based upon facts or arguments which could have been submitted on the original motion for summary judgment" (Vinar v Litman, 110 AD3d 867, 869 [internal quotation marks omitted]; see Hillrich Holding Corp. v BMSL Mgt., LLC, 175 AD3d at 475). Here, the plaintiff failed to establish that the evidence submitted in support of its second motion for summary judgment purportedly demonstrating that the plaintiff was ready, willing, and able to purchase the subject property on July 16, 2015, was not available to it when it previously moved for summary judgment and could not have been submitted on its prior motion (see Hillrich Holding Corp. v BMSL Mgt., LLC, 175 AD3d at 475-476; Vinar v Litman, 110 AD3d at 869).
In any event, the evidence submitted by the plaintiff on its second motion for summary judgment was insufficient to establish, prima facie, that the plaintiff was ready, willing, and able to close on July 16, 2015 (see GLND 1945, LLC v Ballard, 172 AD3d at 1331), and the Supreme Court erred in granting the motion based on a determination that the plaintiff established that it was ready, willing, and able to close on February 6, 2019 (see CPLR 3212[b]; see also Fridman v Kucher, 34 AD3d 726, 728). In addition, the court erred in determining that the sole issue on the plaintiff's second motion for summary judgment was the financial ability of the plaintiff to close (see GLND 1945, LLC v Ballard, 172 AD3d 1330), and the plaintiff's submissions in support of its second motion for summary judgment failed to establish, as a matter of law, that there was no defense to the action (see CPLR 3212[b]).
Accordingly, the Supreme Court should have denied the plaintiff's second motion for summary judgment on the complaint, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of our determination, we need not reach the defendant's remaining contentions.
LASALLE, P.J., MILLER, GENOVESI and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court