313 43rd St. Realty, LLC v TMS Enters., LP (2023 NY Slip Op 02094)

313 43rd St. Realty, LLC v TMS Enters., LP

2023 NY Slip Op 02094

Decided on April 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2020-04985
 (Index No. 512785/15)

[*1]313 43rd Street Realty, LLC, respondent-appellant,
v
TMS Enterprises, LP, et al., appellants-respondents, et al., defendant.

Steven G. Legum, Mineola, NY, for appellants-respondents.
Heller, Horowitz & Feit, P.C., New York, NY (Eli Feit and Stuart A. Blander of counsel), for respondent-appellant.

DECISION & ORDER
In an action to recover two down payments made pursuant to two contracts for the sale of real property, the defendants TMS Enterprises, LP, and 313 43rd Street Realty Associates, Ltd., appeal, and the plaintiff cross-appeals, from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated October 31, 2019. The order, insofar as appealed from, denied the motion of the defendants TMS Enterprises, LP, and 313 43rd Street Realty Associates, Ltd., for summary judgment dismissing the complaint insofar as asserted against them and on their first and second counterclaims. The order, insofar as cross-appealed from, denied the plaintiff's cross-motion for summary judgment on the complaint and directing the defendants to return to the plaintiff the down payments made pursuant to the contracts for the sale of real property, and, in effect, for summary judgment dismissing the first and second counterclaims asserted by the defendants TMS Enterprises, LP, and 313 43rd Street Realty Associates, Ltd.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The plaintiff (hereinafter the buyer) commenced this action to recover two down payments that were made pursuant to two contracts for the sale of two parcels of real property. The defendants TMS Enterprises, LP, and 313 43rd Street Realty Associates, Ltd. (hereinafter together the sellers), interposed an amended answer that included three counterclaims. The first two counterclaims alleged that the buyer breached the contracts of sale and that the sellers were therefore entitled to retain the down payments.
The sellers moved, among other things, pursuant to CPLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action. The buyer cross-moved for summary judgment on the complaint and directing the defendants to return the down payments, and, in effect, dismissing the sellers' first and second counterclaims.
In an order dated February 19, 2016, the Supreme Court, among other things, denied that branch of the sellers' motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint, and granted the buyer's cross-motion. On March 16, 2016, a judgment was issued, inter alia, in favor of the buyer and against the sellers dismissing the sellers' first and second counterclaims, and [*2]in favor of the buyer and against the defendants on the complaint and directing them to return to the buyer its down payments in the total principal sum of $680,000. The sellers appealed from the judgment.
In a decision and order dated July 5, 2018, this Court modified the judgment, inter alia, by deleting the provisions thereof which were in favor of the buyer and against the sellers dismissing the sellers' first and second counterclaims, and in favor of the buyer and against the defendants on the complaint and directing them to return to the buyer its down payments in the total principal sum of $680,000. This Court determined that the Supreme Court should not have granted the buyer's cross-motion for summary judgment, as the buyer's submissions failed to establish that the sellers were not ready, willing, and able to close, or that they otherwise breached the contracts of sale (see 313 43rd St. Realty, LLC v TMS Enters., LP, 163 AD3d 512, 516).
After additional discovery was conducted, the sellers moved for summary judgment dismissing the complaint insofar as asserted against them and on their first and second counterclaims. The buyer cross-moved for summary judgment on the complaint and directing the defendants to return the down payments and, in effect, for summary judgment dismissing the sellers' first and second counterclaims. In an order dated October 31, 2019, the Supreme Court denied the motion and the cross-motion. The sellers appeal, and the buyer cross-appeals.
The Supreme Court properly denied the sellers' motion for summary judgment dismissing the complaint insofar as asserted against them and on their first and second counterclaims. As a general rule, to prevail on a cause of action for the return of a down payment on a contract for the sale of real property, the evidence must demonstrate that the seller was not ready, willing, and able to perform on the law day (see Cohen v Kranz, 12 NY2d 242, 246; 313 43rd St. Realty, LLC v TMS Enters., LP, 163 AD3d at 514; Imperatore v 329 Menahan St., LLC, 130 AD3d 784, 785). Similarly, to prevail on a cause of action that a buyer breached a contract of sale and that the seller was entitled to retain the down payment, the seller must establish that he or she was ready, willing, and able to close on the law day (see 533 Park Ave. Realty, LLC v Park Ave. Bldg. & Roofing Supplies, LLC, 156 AD3d 744, 746-747; Nehmadi v Davis, 95 AD3d 1181, 1185).
Here, the sellers failed to establish, prima facie, that they were ready, willing, and able to convey marketable title in accordance with the contracts of sale. Paragraph 4 of the contracts required the sellers to give such title as any reputable title company would be willing to approve and insure in accordance with its standard form of title policy. The title insurance company required that a judgment of foreclosure and sale on the property be vacated, the corresponding action be discontinued, and the notice of pendency of action cancelled by order of the court. The sellers' submissions failed to eliminate triable issues of fact as to whether they could clear this exception to the title insurance policy prior to closing. Since the sellers failed to establish their prima facie entitlement to summary judgment dismissing the complaint insofar as asserted against them and on their first and second counterclaims, the Supreme Court properly denied their motion, without consideration of the sufficiency of the buyer's opposing papers (see Revital Realty Group, LLC v Ulano Corp., 112 AD3d 902, 904-905; Iannucci v 70 Washington Partners, LLC, 51 AD3d 869, 872).
Further, the Supreme Court properly denied the buyer's cross-motion for summary judgment. "Generally, successive motions for summary judgment should not be entertained, absent a showing of newly discovered evidence or other sufficient cause" (Sutter v Wakefern Food Corp., 69 AD3d 844, 845; see GLND 1945, LLC v Ballard, 209 AD3d 993; Hillrich Holding Corp. v BMSL Mgt., LLC, 175 AD3d 474, 475; Vinar v Litman, 110 AD3d 867, 868; Coccia v Liotti, 101 AD3d 664, 666; Powell v Trans-Auto Sys., 32 AD2d 650). Evidence is not "newly discovered" simply because it was not submitted on the previous motion (Sutter v Wakefern Food Corp., 69 AD3d at 845). "Rather, the evidence that was not submitted in support of the previous summary judgment motion must be used to establish facts that were not available to the party at the time it made its initial motion for summary judgment and which could not have been established through alternative evidentiary means" (Vinar v Litman, 110 AD3d at 868-869; see Pavlovich v Zimmet, 50 AD3d 1364, 1365; Capuano v Platzner Intl. Group, 5 AD3d 620, 621). "[S]uccessive motions for summary judgment should not be made based upon facts or arguments which could have been submitted on [*3]the original motion for summary judgment" (Capuano v Platzner Intl. Group, 5 AD3d at 621; see Vinar v Litman, 110 AD3d at 869; Harding v Buchele, 59 AD2d 754, 755).
Here, although the deposition testimony of Terry Lazar, a principal of the sellers, was not elicited until after this Court's decision and order holding that the buyer's previous cross-motion for summary judgment should have been denied, the buyer failed to demonstrate that Lazar's testimony established facts that were not available to the buyer at the time it made its previous cross-motion for summary judgment and which could not have been established through alternative evidentiary means (see Hillrich Holding Corp. v BMSL Mgt., LLC, 175 AD3d at 475; Vinar v Litman, 110 AD3d at 868). Accordingly, the Supreme Court properly denied the buyer's second cross-motion (see GLND 1945, LLC v Ballard, 209 AD3d 993; Hillrich Holding Corp. v BMSL Mgt., LLC, 175 AD3d at 475; Vinar v Litman, 110 AD3d at 868).
In light of our determination, we need not reach the parties' remaining contentions.
DUFFY, J.P., CONNOLLY, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court