Wells Fargo Bank, N.A. v Gittens (2023 NY Slip Op 03373)

Wells Fargo Bank, N.A. v Gittens

2023 NY Slip Op 03373

Decided on June 21, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 21, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2019-07765
 (Index No. 519049/16)

[*1]Wells Fargo Bank, N.A., respondent,
v
Denis Gittens, et al., appellants, et al., defendants.

Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for appellants.
LOGS Legal Group (Reed Smith LLP, New York, NY [Andrew B. Messite and James N. Faller], of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Denis Gittens and Rita T. Gittens appeal from an order of the Supreme Court, Kings County (Noach Dear, J.), dated March 27, 2019. The order, insofar as appealed from, granted those branches of the plaintiff's motion, which were denominated as ones for summary judgment on the complaint insofar as asserted against the defendants Denis Gittens and Rita T. Gittens and for an order of reference, but which were, in actuality, one for leave to renew the plaintiff's prior motion for summary judgment on the complaint insofar as asserted against those defendants and for an order of reference, which had been denied in an order of the same court dated November 6, 2017.
ORDERED that the order dated March 27, 2019, is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion, which were denominated as ones for summary judgment on the complaint insofar as asserted against the defendants Denis Gittens and Rita T. Gittens and for an order of reference, but which were, in actuality, one for leave to renew the plaintiff's prior motion for summary judgment on the complaint insofar as asserted against those defendants and for an order of reference are denied.
The plaintiff commenced this action to foreclose a mortgage against the defendants Denis Gittens and Rita T. Gittens (hereinafter together the defendants), among others. The defendants interposed an answer asserting several affirmative defenses, including the plaintiff's failure to comply with the contractual notice provisions of the note and mortgage and failure to comply with RPAPL 1304. The plaintiff moved for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. In an order dated November 6, 2017, the Supreme Court denied the plaintiff's motion.
Thereafter, the plaintiff again made a motion (hereinafter the second motion), certain branches of which were denominated as ones for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. In an order dated March 27, 2019, the Supreme Court, among other things, granted those branches of the second motion. The defendants appeal.
Although certain branches of the second motion were denominated as ones for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference, those branches were, in actuality, one for leave to renew the plaintiff's prior motion for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. The new evidence supporting the second motion could have been submitted by the plaintiff in support of its prior motion (see CPLR 2221; Wells Fargo Bank, N.A. v Osias, 205 AD3d 979, 981).
"While a court has discretion to entertain renewal based on facts known to the movant at the time of the original motion, the movant must set forth a reasonable justification for the failure to submit the information in the first instance. When no reasonable justification is given for failing to present new facts on the prior motion, the Supreme Court lacks discretion to grant renewal" (Wells Fargo Bank, N.A. v Osias, 205 AD3d at 981 [citations and internal quotation marks omitted]). Here, as the defendants contend, the plaintiff failed to provide any justification for its failure to present the new evidence supporting the second motion as part of its prior motion.
"Even considered as a successive motion for summary judgment, such a motion 'should not be entertained in the absence of good cause, such as a showing of newly discovered evidence'" (id., quoting Deutsche Bank Natl. Trust Co. v Elshiekh, 179 AD3d 1017, 1020). Here, the plaintiff failed to present good cause.
The second motion also did not fit within the "narrow exception" to the successive summary judgment rule (Kornblum v Blank Rome Tenzer Greenblatt, LLP, 39 AD3d 482, 483; see Wells Fargo Bank, N.A. v Osias, 205 AD3d at 981-982). This narrow exception permits entertainment of a successive motion when it is "substantively valid and the granting of the motion will further the ends of justice and eliminate an unnecessary burden on the resources of the courts" (Aurora Loan Servs., LLC v Yogev, 194 AD3d 996, 997 [internal quotation marks omitted]; see Wells Fargo Bank, N.A. v Osias, 205 AD3d at 981-982). Here, entertaining a second summary judgment motion involved review of multiple disputed issues, including whether the plaintiff established the defendants' default, the plaintiff's compliance with the contractual condition precedent, and the plaintiff's compliance with RPAPL 1304. Thus, rather than eliminating a burden on the Supreme Court, the court's consideration of the second motion actually imposed an additional burden on the court. "'Successive motions for the same relief burden the courts and contribute to the delay and cost of litigation. A party seeking summary judgment should anticipate having to lay bare its proof and should not expect that it will readily be granted a second or third chance'" (Wells Fargo Bank, N.A. v Osias, 205 AD3d at 982, quoting Deutsche Bank Natl. Trust Co. v Elshiekh, 179 AD3d at 1020; see Hillrich Holding Corp. v BMSL Mgt., LLC, 175 AD3d 474, 475; cf. US Bank N.A. v Weinman, 195 AD3d 976).
Accordingly, the Supreme Court should have denied those branches of the second motion, which were denominated as ones for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference, but which were, in actuality, one for leave to renew the plaintiff's prior motion for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference.
BARROS, J.P., MALTESE, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court