Brilliantine v East Hampton Fuel Oil Corp. (2023 NY Slip Op 06111)

Brilliantine v East Hampton Fuel Oil Corp.

2023 NY Slip Op 06111

Decided on November 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
WILLIAM G. FORD, JJ.

2021-02537
 (Index No. 619324/17)

[*1]Lance Brilliantine, et al., respondents,
v
East Hampton Fuel Oil Corp., appellant.

McCabe, Collins, McGeough, Fowler, Levine & Nogan, LLP, Carle Place, NY (Patrick M. Murphy and Teresa Campano of counsel), for appellant.
Sunshine, Isaacson & Hecht, LLP, Jericho, NY (Jeffrey A. Sunshine of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for a violation of Navigation Law § 181, the defendant appeals from an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated March 11, 2021. The order, insofar as appealed from, denied those branches of the defendant's motion which were for summary judgment dismissing the plaintiffs' claims for damages relating to the diminution in value of certain real property and of certain artwork.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The underlying facts are summarized in a companion appeal decided herewith (see Brilliantine v East Hampton Fuel Oil Corp., ____ AD3d ____ [Appellate Division Docket No. 2020-00869]). Following the denial of the defendant's cross-motion for summary judgment dismissing the complaint, the defendant moved, inter alia, for summary judgment dismissing the plaintiffs' claims for damages relating to the diminution in value of certain real property and of certain artwork, contending, among other things, that the plaintiffs' real property did not diminish in value and that certain artwork was not physically damaged as a result of an oil spill. In opposition, the plaintiffs contended, inter alia, that the defendant's motion was precluded by the proscription against successive motions for summary judgment. In an order dated March 11, 2021, the Supreme Court, among other things, denied those branches of the defendant's motion. The defendant appeals.
"Generally, successive motions for summary judgment should not be entertained, absent a showing of newly discovered evidence or other sufficient cause" (Sutter v Wakefern Food Corp., 69 AD3d 844, 845; see Hillrich Holding Corp. v BMSL Mgt., LLC, 175 AD3d 474, 475). "Evidence is not newly discovered simply because it was not submitted on the previous motion" (Wells Fargo Bank, NA v Carpenter, 189 AD3d 1124, 1125 [internal quotation marks omitted]). "Rather, the evidence that was not submitted in support of the previous summary judgment motion must be used to establish facts that were not available to the party at the time it made its initial motion for summary judgment and which could not have been established through alternative evidentiary means" (Hillrich Holding Corp. v BMSL Mgt., LLC, 175 AD3d at 475 [internal quotation marks omitted]; see Deutsche Bank Natl. Trust Co. v Elshiekh, 179 AD3d 1017, 1020). "Successive motions for summary judgment should not be made based upon facts or arguments which could have [*2]been submitted on the original motion for summary judgment" (313 43rd St. Realty, LLC v TMS Enters., LP, 215 AD3d 901, 903-904 [internal quotation marks omitted]).
Here, the defendant failed to establish that the evidence submitted in support of its second motion for summary judgment dismissing the plaintiffs' claims for damages relating to the diminution in value of certain real property and of certain artwork, purportedly demonstrating that the plaintiffs did not sustain any damages as a result of the oil spill, was not available to it when it previously moved for summary judgment and could not have been submitted on its prior motion (see id. at 903-904; GLND 1945, LLC v Ballard, 209 AD3d 993, 994).
In any event, in light of, inter alia, the conflicting experts' opinions submitted by the parties, triable issues of fact exist as to the diminution in value of the plaintiffs' real property and of certain artwork, which preclude summary judgment (see Turnbull v MTA N.Y. City Tr., 28 AD3d 647; see also Nastasi v County of Suffolk, 106 AD3d 1064).
Accordingly, the Supreme Court properly denied those branches of the defendant's motion which were for summary judgment dismissing the plaintiffs' claims for damages relating to the diminution in value of certain real property and of certain artwork.
CONNOLLY, J.P., IANNACCI, WOOTEN and FORD, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court