Meisels v Melamed (2024 NY Slip Op 06191)

Meisels v Melamed

2024 NY Slip Op 06191

Decided on December 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
JANICE A. TAYLOR, JJ.

2023-00526
 (Index No. 502760/20)

[*1]Hershy Meisels, appellant, 
v
Ronen Melamed, et al., respondents.

Rosenberg Fortuna & Laitman, LLP, Garden City, NY (Anthony R. Filosa and Lee E. Riger of counsel), for appellant.

DECISION & ORDER
In an action to recover a down payment made pursuant to a contract of sale, the plaintiff appeals from an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated December 31, 2021. The order denied the plaintiff's motion for summary judgment on the amended complaint and dismissing the defendants' affirmative defenses.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the amended complaint and dismissing the defendants' affirmative defenses is granted.
In July 2016, the plaintiff (hereinafter the buyer) and the defendant Ronen Melamed (hereinafter the seller), the sole owner of the defendant Fulton Star Holdings, LLC (hereinafter FSH), entered into a membership interest purchase agreement (hereinafter the MIPA) pursuant to which the buyer agreed to purchase the seller's ownership interest in FSH for the sum of $2,200,000. The MIPA stated that the seller was the beneficial and record owner of 100% of the membership interest in FSH and that FSH had entered into a contract to purchase certain real property located in Brooklyn (hereinafter the property). Pursuant to the MIPA, the buyer paid a down payment in the sum of $110,000. Paragraph 14 of the MIPA stated: "Notwithstanding anything to the contrary contained herein, [the buyer] shall not be required to close on the transaction contemplated hereby if [FSH] does not receive title clear of all liens and encumbrances on or prior to Closing." The MIPA further provided that the closing of the sale was to take place "on or about November 15, 2016 . . . or any time after September 1, 2016 upon 20 days notice to [the buyer]."
By letter dated September 21, 2016, the seller set November 1, 2016, as the closing date, with time being of the essence, and warned that if the buyer failed or refused to close on that date, he would be held liable for breach of contract. The buyer did not appear at the closing, and by letter dated November 2, 2016, the seller advised the buyer that his down payment would be "liquidated."
Thereafter, the buyer commenced this action against the defendants to recover the down payment, with statutory interest from November 1, 2016. The buyer subsequently moved for summary judgment on the amended complaint and dismissing the defendants' affirmative defenses. In an order dated December 31, 2021, the Supreme Court denied the buyer's motion. The buyer appeals.
"Where, as here, time was not made of the essence in the original contract, one party may make time of the essence by giving proper notice to the other party and avail himself [or herself] of forfeiture on default" (Lashley v BDL Real Estate Dev. Corp., 212 AD3d 800, 800-801 [citations and internal quotation marks omitted]). As a general rule, to prevail on a cause of action for the return of a down payment on a contract, "the evidence must demonstrate that the seller was not ready, willing, and able to perform on the law day" (313 43rd St. Realty, LLC v TMS Enters., LP, 215 AD3d 901, 902).
Here, the buyer established, prima facie, that he was entitled to the return of the down payment under the MIPA. Paragraph 14 of the MIPA required the seller to receive title to the property, clear of all liens and encumbrances, on or prior to closing. In support of his motion, the buyer submitted, inter alia, a title search for the property demonstrating that the property was still encumbered by a mortgage and various other liens on November 1, 2016, and a deed history report for the property, which revealed that the seller had not obtained title to the property by November 1, 2016. Thus, the buyer established, prima facie, that the seller was not ready, willing, and able to close on the time of the essence closing date in accordance with the MIPA (see Yu Ling Hu v Zapas, 108 AD3d 621, 621-622; cf. 313 43rd St. Realty, LLC v TMS Enters., LP, 215 AD3d at 903). Moreover, the buyer was not required to tender performance or attend the closing on November 1, 2016, in response to the seller's letter purporting to make time of the essence since the seller was not ready, willing, and able to perform on the law day (see 533 Park Ave. Realty, LLC v Park Ave. Bldg. & Roofing Supplies, LLC, 156 AD3d 744, 747; Yu Ling Hu v Zapas, 108 AD3d at 622). In opposition, the defendants failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted the buyer's motion for summary judgment on the amended complaint and dismissing the defendants' affirmative defenses.
LASALLE, P.J., CHAMBERS, VOUTSINAS and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court