| |
|---|
| **PNC Bank, N.A. v Connell** |
| 2025 NY Slip Op 31943(U) |
| June 2, 2025 |
| Supreme Court, Kings County |
| Docket Number: Index No. 509223/14 |
| Judge: Cenceria Edwards |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part FRP-1 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, at Civic Center, Brooklyn, New York, on the 2nd day of June, 2025.

P R E S E N T:

HON. CENCERIA EDWARDS,
                                          Justice.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
PNC Bank, National Association Successor
By Merger to National City Bank,

                                  Plaintiff,

            - against -                                     Index No. 509223/14

Allison Connell; New York City Environmental
Control Board; Derek Washington; Yvette
Paul; and Beverly Washington,

                                  Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
The following e-filed papers read herein:              NYSCEF Doc Nos.

Notice of Motion/Order to Show Cause/Cross
Motion and Affidavits (Affirmations) _____      219, 221-225    227-260
Opposing Affidavits (Affirmations)_____          227-260          263
Reply Affidavits (Affirmations)_____             263

Upon the foregoing papers in this action to foreclose a mortgage encumbering the residential property at 674 Crescent Street in Brooklyn (Property), defendant Allison Connell (Connell or Defendant) moves (in motion sequence [mot. seq.] nine) for an order, pursuant to CPLR 3216 (a), dismissing the complaint (NYSCEF Doc No. 219).

Plaintiff PNC Bank, National Association Successor by Merger to National City Bank (PNC or Plaintiff) cross-moves (in mot. seq. 10) for an order: (1) granting it summary judgment against Defendant Connell and dismissing Defendant Connell's October 23,

[* 1]

2017 answer to the complaint and all affirmative defenses alleged therein with prejudice, pursuant to CPLR 3212; (2) granting it an order of reference and appointing a referee to compute the amount due and owing to Plaintiff, pursuant to RPAPL § 1321; (3) granting it a default judgment against the non-appearing defendants, pursuant to CPLR 3215; (4) amending the caption "to substitute Derek Washington, Yvette Paul and Beverly Washington, each individually, in place and stead . . ." of the John Doe defendants;[1] (5) amending the "property description in the mortgage recorded on August 3, 2006 in CRFN 2006000439308 . . . *nunc pro tunc* to reflect the legal description set forth in the deed recorded on July 17, 1987 in Reel 2060 of Deeds at Page 1476"; and (6) denying Defendant's October 18, 2019 motion to dismiss (NYSCEF Doc No. 227).

## Background

On October 7, 2014, PNC commenced this foreclosure action by filing a summons, an unverified complaint and a notice of pendency against the Property (NYSCEF Doc Nos. 1-2). The complaint alleges that on August 3, 2006, Allison Connell executed and delivered a $200,000.00 note in favor of the lender, National City Bank (National), which was secured by a mortgage encumbering her Property (NYSCEF Doc No. 1 [complaint] at ¶¶ 4 and 6 and Schedules A and C). The complaint further alleges that "**CONNELL**, has failed to comply with the conditions of the mortgage(s), or bond(s) by failing to pay

---

[1] This branch of PNC's motion is denied as moot, since the caption was previously amended to substitute those individually named defendants in place of the John Doe defendants.

2

portions of principal, interest or taxes, assessments, water rates, insurance premiums, escrow and/or other charges . . ." on November 24, 2008 (*id.* at ¶ 10 and Schedule E).

On October 23, 2017, based on the parties' stipulation in lieu of a traverse hearing (NYSCEF Doc No. 115),[2] Defendant Connell answered the complaint, denied the material allegations therein and asserted affirmative defenses, including failure to comply with RPAPL § 1304 (NYSCEF Doc No. 116).

On February 13, 2018, PNC moved for summary judgment against Connell and to strike and dismiss her answer and affirmative defenses, an order of reference, a default judgment against the non-appearing defendants, to amend the caption and to amend the Property description in the subject mortgage (NYSCEF Doc No. 117).

On July 6, 2018, Defendant Connell opposed PNC's motion and cross-moved for an order granting her summary judgment dismissing the complaint on the grounds that she received correspondence from Plaintiff on December 12, 2017, confirming that there was a zero balance on the account and that PNC failed to comply with RPAPL § 1304 (NYSCEF Doc Nos. 140 and 141 at ¶¶ 5-7 and 18-37).

By an October 18, 2018, decision and order, the court (Dear, J.) granted PNC's summary judgment motion and denied Connell's summary judgment cross-motion, holding that "[t]he 2009 statement reflecting a zero balance shows that the balance was

---

[2] By a September 25, 2017, stipulation, the parties agreed that Connell may submit a late answer no later than October 24, 2017, if she waived jurisdictional defenses, and the order of reference and judgment of foreclosure and sale, which were previously granted on default, were vacated (NYSCEF Doc No. 115).

3

[* 3]

charged off rather than paid[,]" "[t]he parties' subsequent conduct also implies that the debt was still outstanding" and "Plaintiff credibly argues that the recent verification letter showing a zero balance was erroneous" (NYSCEF Doc No. 156 at 1). The court further held that "Plaintiff offers a contemporaneously created and notarized affidavit demonstrating mailing of the 1304 notices via proper means" (*id.* at 2). On October 18, 2018, the court issued an "Order Granting Summary Judgment and Appointing a Referee to Compute" (NYSCEF Doc No. 157).

On February 11, 2019, Defendant Connell moved for leave to renew the parties' prior summary judgment motions, arguing that law office failure prevented her from apprising the court that she lived in Nassau County rather than in Kings County and that the RPAPL § 1304 notices were defective because they provided housing counselors serving the New York City rather than the Nassau County region (NYSCEF Doc Nos. 165 and 167 at ¶ 11). On March 20, 2019, PNC moved for an order confirming the February 23, 2019, Referee's Report (NYSCEF Doc No. 173) and for a Judgment of Foreclosure and Sale (NYSCEF Doc No. 178).

By a June 12, 2019, decision and order, the court (Dear, J.) granted Defendant Connell's renewal motion and, upon renewal, denied PNC's summary judgment motion holding that:

> "[h]erein, renewal (MC 7) of Plaintiff's prior motion is granted and, upon renewal, Plaintiff's motion for summary judgment is denied. Defendant has, at a minimum raised an issue of fact as to whether the 1304 notices complied with the then-applicable version of the statute which required the housing

4

[* 4]

counselors to serve the region in which the borrower resided (rather than where the property is located)" (NYSCEF Doc No. 214 at 2).

The court denied PNC's motion for a Judgment of Foreclosure and Sale as moot (*id.*).

### *Defendant Connell's Dismissal Motion*

On October 18, 2019, Connell moved or an order dismissing the complaint, pursuant to CPLR 3216 (a) (NYSCEF Doc No. 219). Defense counsel submitted an affirmation asserting that "[n]otwithstanding the fact the Court found triable issues of fact [in its June 12, 2019 decision and order] – therefore requiring a trial based on those issues of fact – Plaintiff failed to file a note of issue to have this matter put on the Court's trial calendar" (NYSCEF Doc No. 221 at ¶ 6). Defense counsel recounts that on July 1, 2019, Connell served PNC with a written demand that it resume prosecution of the action, pursuant to CPLR 3216 (3) (NYSCEF Doc No. 225), requiring PNC to file a note of issue within 90 days, or no later than October 8, 2019 (NYSCEF Doc No. 221 at ¶¶ 7-8). Defense counsel asserts that "Plaintiff failed to (a) serve or file a note of issue, (b) resume prosecution of the action, and (c) failed to make a motion pursuant to CPLR 2004 to excuse its default and extend its time to serve and file a note of issue" (*id.* at ¶¶ 9 and 16-17). Defense counsel notes that, to avoid dismissal, PNC must oppose defendant's motion with a justifiable excuse and an affidavit of merit (*id.* at ¶ 14).

5

[* 5]

*PNC's Opposition and Cross-Motion*

On December 27, 2019, PNC opposed Connell's dismissal motion and cross-moved, once again, for summary judgment and an order of reference (NYSCEF Doc No. 227). PNC's counsel submitted an attorney affirmation claiming that Connell's July 1, 2019, notice demanding that PNC resume prosecution of this action was seemingly misplaced because its prior counsel was "winding down" before filing for Chapter 11 Bankruptcy later that month:

> "[o]n July 29, 2019, a Consent to Change Attorney form was filed substituting the undersigned as counsel of record for Plaintiff. . . .
>
> ****
>
> "On July 29, 2019, LeClairRyan, Plaintiff's prior counsel, began a wind down of the firm culminating in the firm filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division, under Case Number 19-34574-KRH on September 3, 2019. A true and correct copy of a screen print obtained from the homepage of the website for LeClairRyan (https://leclairryan.com) showing same is annexed hereto as **Exhibit Q**.
>
> "On October 18, 2019, Defendant filed her instant motion seeking, inter alia, to dismiss this action pursuant to CPLR § 3216. . . .
>
> "Defendant argues in her instant motion to dismiss that she served a 'Notice & Demand Pursuant to CPLR 3216', dated July 1, 2019 (the 'Demand'), upon LeClairRyan, Plaintiff's prior counsel. *However, affirmant's review of the file received from LeClairRyan in connection with this matter does not include such notice*. Moreover, upon information and belief, no such notice was ever served upon affirmant's office after the

6

[* 6]

> Consent to Change Attorney form was filed substituting the undersigned as counsel of record for Plaintiff" (NYSCEF Doc No. 228 at ¶¶ 20 and 22-24 [emphasis added]).

However, PNC's counsel admits that screen prints showing the tracking for Connell's July 1, 2019, demand letter sent by certified mail to LeClairRyan is marked "Delivered, Front Desk/Reception/Mail Room" as of July 8, 2019 (*id.* at ¶ 25 and NYSCEF Doc No. 247).

Despite the proof of receipt, PNC submits a memorandum of law disingenuously arguing that "the documentary evidence shows that Plaintiff's counsel was not served with the [July 1, 2019] Demand as alleged by Defendant" (NYSCEF Doc No. 261 at 18). Although Connell's 90-day notice was sent on July 1, 2019, PNC argues that "Defendant should have undertaken to notify Plaintiff's incoming counsel of her alleged request" since PNC changed counsel on July 29, 2019, and "LeClairRyan began winding down its operations . . ." (*id.* at 19). PNC asserts that "Plaintiff maintains a reasonable excuse for its delay because its prior counsel, LeClairRyan, began winding down its business in July 2019, shortly after Defendant purports to have served her demand" (*id.* at 20).

In an effort to dispose of the factual issues raised in prior litigation regarding the sufficiency of PNC's RPAPL § 1304 notice, PNC's counsel now claims, for the first time, that it was not required to serve Connell with a 90-day pre-foreclosure notice. PNC's counsel references prior affidavits submitted by Connell *during the course of this litigation* which show "that Defendant did not occupy the Premises as her primary residence" at the time this action was commenced in 2014 (NYSCEF Doc Nos. 228 at ¶ 26 and 248).

7

[* 7]

### *Connell's Opposition and Reply*

Defense counsel, in opposition and in reply, asserts that PNC's prior counsel does not deny receipt of Connell's July 1, 2019, 90-day demand letter and:

> "by electing to make a cross-motion for summary judgment, instead of serving and filing a timely note of issue or moving pursuant to CPLR 2004, prior to the default date, to extend the time within which to serve and file a note of issue, Plaintiff intentionally failed to comply Defendant's 90-day demand" (NYSCEF Doc No. 263 at ¶ 3).

Essentially, "Plaintiff's new counsel, who only began representing Plaintiff as of July 29, 2019 . . ." asserts that PNC's prior counsel had law office failure because it began winding down its business *shortly after* it was served with Connell's July 1, 2019, demand letter (*id.* at ¶ 8). Defense counsel argues that PNC's conclusory and unsubstantiated claims that its prior counsel had law office failure cannot defeat Connell's CPLR 3216 motion (*id.* at ¶¶ 16-20). Regardless, defense counsel asserts that Connell submitted proof of mailing in the form of an affirmation of service by her counsel and United States Postal Service mailing records proving PNC's prior counsel's receipt of the 90-day demand to resume prosecution (*id.* at ¶¶ 11-12).

8

[* 8]

## Discussion

### *(1)*

### *PNC's Successive Summary Judgment Cross-Motion*

"Generally, successive motions for summary judgment should not be entertained, absent a showing of newly-discovered evidence or other sufficient cause" (*Sutter v Wakefern Food Corp.*, 69 AD3d 844, 845 [2d Dept 2010]). "Thus, 'successive motions for summary judgment should not be made based upon facts or arguments which could have been submitted on the original motion for summary judgment'" (*GLND 1945, LLC v Ballard*, 209 AD3d 993, 994 [2d Dept 2022], quoting *Vinar v Litman*, 110 AD3d 867, 869 [2d Dept 2013]).

Here, PNC failed to establish that the evidence of Connell's 2014 residence submitted in support of its second, successive motion for summary judgment was not available when it previously moved for summary judgment and could not have been submitted on its prior motion (*see Hillrich Holding Corp. v BMSL Mgmt., LLC*, 175 AD3d 474, 475 [2d Dept 2019] [affirming trial court's denial of bank's successive summary judgment motion in foreclosure action because "plaintiff failed to establish that the evidence it submitted in support of this motion for summary judgment was not available to it when it previously moved for summary judgment, and could not have been submitted on its prior motion"]). Indeed, PNC admits that the Connell affidavits upon which it now relies were previously submitted to the court on other motions. Consequently, PNC's second, successive motion for summary judgment and an order of reference is denied.

9

[* 9]

*(2)*

### *Connell's Dismissal Motion*

"CPLR 3216 permits a court to dismiss a complaint for want of prosecution after the court or the defendant has served the plaintiff with a written notice demanding that the plaintiff resume prosecution of the action and serve and file a note of issue within 90 days after receipt of the demand, and stating that the failure to comply with the demand will serve as the basis for a motion to dismiss the action" (*Chen v Shen*, 228 AD3d 798, 799 [2d Dept 2024]). "In the event that the party upon whom the demand is served fails to serve and file a note of issue within 90 days, the court may . . . grant such motion unless the said party shows justifiable excuse for the delay and a good and meritorious cause of action" (*id.* [internal quotation marks omitted]). Notably, CPLR 3216 (a) specifically provides that the court "may dismiss the party's pleading *on terms*" (emphasis added).

Here, Defendant Connell submitted admissible documentary evidence demonstrating that she served PNC's prior counsel with a 90-day notice, pursuant to CPLR 3216, on July 1, 2019, by certified mail, and PNC failed to file a note of issue or seek an extension to do so on or before October 8, 2019. PNC's new counsel's assertion that PNC's prior counsel failed to respond to the 90-day notice due to law office failure is unavailing. PNC failed to proffer a justifiable excuse for its delay in prosecuting this action after the court denied its first summary judgment motion, upon renewal, and Connell served a demand to resume prosecution. Consequently, if PNC does not file a note of issue as directed herein, the complaint will be dismissed. Accordingly, it is hereby

10

[* 10]

**ORDERED** that Defendant Connell's dismissal motion (mot. seq. nine) is only granted and the complaint will be dismissed, pursuant to CPLR 3216, in the event that PNC fails to file a note of issue and certificate of readiness for trial within 30 days after service of this decision and order with notice of entry thereof; and it is further

**ORDERED** that PNC's second, successive summary judgment motion is denied.

This constitutes the decision and order of the court.

E N T E R,

_____

J. S. C. Hon. Cenceria P. Edwards, CPA

11

[* 11]