HSBC Mtge. Corp. (USA) v Kahan (2025 NY Slip Op 07380)

HSBC Mtge. Corp. (USA) v Kahan

2025 NY Slip Op 07380

Decided on December 31, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
VALERIE BRATHWAITE NELSON
DEBORAH A. DOWLING
LOURDES M. VENTURA, JJ.

2024-08411
 (Index No. 25207/07)

[*1]HSBC Mortgage Corporation (USA), appellant,
vFaiga Kahan, respondent, et al., defendants.

Knuckles & Manfro, LLP, Tarrytown, NY (Louis A. Levithan of counsel), for appellant.
Berg & David, PLLC, Inwood, NY (Sholom Wohlgelernter and Abraham David of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Derefim B. Neckles, J.), dated June 27, 2024. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was denominated as one for summary judgment on the complaint insofar as asserted against the defendant Faiga Kahan, but which was, in actuality, one for leave to renew that branch of the plaintiff's prior motion which was for summary judgment on the complaint insofar as asserted against that defendant, which had been denied in an order of the same court (Mark I. Partnow, J.) dated February 24, 2020.
ORDERED that the order dated June 27, 2024, is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to foreclose a mortgage on real property owned by the defendant Faiga Kahan (hereinafter the defendant). The defendant interposed an answer with various affirmative defenses, including that the plaintiff had failed to comply with the notice of default provision of the mortgage. Subsequently, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, and in an order dated December 8, 2016, the Supreme Court, among other things, denied the motion. Thereafter, the plaintiff again moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant (hereinafter the second motion), and in an order dated February 24, 2020, the court denied the second motion. In April 2023, the plaintiff again made a motion (hereinafter the third motion), a branch of which was denominated as one for summary judgment on the complaint insofar as asserted against the defendant. In an order dated June 27, 2024, the court, among other things, denied that branch of the third motion. The plaintiff appeals.
Although a branch of the third motion was denominated as one for summary judgment on the complaint insofar as asserted against the defendant, that branch was, in actuality, one for leave to renew that branch of the second motion which was for summary judgment on the complaint insofar as asserted against the defendant. The new evidence supporting that branch of the third motion could have been submitted by the plaintiff in support of its prior motions, inter alia, for summary judgment (see Wells Fargo Bank, N.A. v Gittens, 217 AD3d 901, 902; Wells Fargo Bank, [*2]N.A. v Osias, 205 AD3d 979, 981; see also CPLR 2221).
"While a court has discretion to entertain renewal based on facts known to the movant at the time of the original motion, the movant must set forth a reasonable justification for the failure to submit the information in the first instance" (Wells Fargo Bank, N.A. v Osias, 204 AD3d at 981 [internal quotation marks omitted]; see Bank of N.Y. Mellon Trust Co., N.A. v Talukder, 176 AD3d 772, 773-774). "When no reasonable justification is given for failing to present new facts on the prior motion, the Supreme Court lacks discretion to grant renewal" (Wells Fargo Bank, N.A. v Osias, 204 AD3d at 981 [internal quotation marks omitted]; see Aurora Loan Servs., LLC v Moreno, 232 AD3d 673, 675). Here, the plaintiff failed to provide any justification for its failure to present the new evidence supporting the subject branch of the third motion as part of its prior motions.
"Even considered as a successive motion for summary judgment, such a motion should not be entertained in the absence of good cause, such as a showing of newly discovered evidence" (Wells Fargo Bank, N.A. v Osias, 204 AD3d at 981 [internal quotation marks omitted]; see U.S. Bank N.A. v Kelly, 223 AD3d 932, 934). "However, evidence is not newly discovered simply because it was not submitted on the prior motion; rather, the evidence must not have been available to the party at the time it made its initial motion and could not have been established through alternate evidentiary means" (Deutsche Bank Natl. Trust Co. v Elshiekh, 179 AD3d 1017, 1020; see GLND 1945, LLC v Ballard, 209 AD3d 993, 995). Here, the plaintiff presented no argument as to why the evidence it submitted in support of the subject branch of the third motion was not available when it made its prior motions, and thus, the plaintiff failed to demonstrate good cause.
Finally, the "narrow exception to the successive summary judgment rule . . . permits entertainment of a successive motion when it is substantially valid and the granting of the motion will further the ends of justice and eliminate an unnecessary burden on the resources of the court" (Wells Fargo Bank, N.A. v Gittens, 217 AD3d at 903 [citations and internal quotation marks omitted]; see Wells Fargo Bank, N.A. v Osias, 204 AD3d at 981-982). However, "[s]uccessive motions for the same relief burden the courts and contribute to the delay and cost of litigation" (Deutsche Bank Natl. Trust Co. v Elshiekh, 179 AD3d at 1020; see Wells Fargo Bank, N.A. v Gittens, 217 AD3d at 903). Here, the subject branch of the third motion involved review of whether the plaintiff complied with the notice of default requirements of the mortgage, an issue the Supreme Court had reviewed in determining the second motion. Thus, the court's consideration of the subject branch of the third motion imposed an additional burden on the court, and as such, the court properly denied the subject branch of the third motion (see Wells Fargo Bank, N.A. v Gittens, 217 AD3d at 903).
The parties' remaining contentions need not be reached in light of our determination.
LASALLE, P.J., BRATHWAITE NELSON, DOWLING and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court